[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15798
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cr-14034-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOUIS HUFF,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 14, 2018)

Before MARTIN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Louis Huff negotiated a plea agreement with the government under which he

agreed to plead guilty to one count of possession with intent to distribute

methamphetamine, in violation of 21 U.S.C. § 841(a).  As part of that deal, Huff broadly agreed to waive his right to appeal his sentence in exchange for the government's promises to take certain actions at sentencing.  The district court accepted Huff's guilty plea and then sentenced him to 150 months of imprisonment, within the guideline range of 135 to 168 months.  Huff now appeals his sentence, arguing that his sentence is unreasonably high.  The government has moved to enforce the appeal waiver.  We grant the government's motion.

We will enforce an appeal waiver that was made knowingly and voluntarily. *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993).  To prove that a waiver was made knowingly and voluntarily, the government must show that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver.  *Bushert*, 997 F.2d at 1351.

We enforce the waiver in Huff's plea agreement.  First, we find that the waiver was made knowingly and voluntarily.  Huff was specifically questioned about the terms of the waiver, including its exceptions, during the plea colloquy, and Huff confirmed that he understood the waiver and had discussed it with his attorney.

Second, no exception to the waiver applies.  By agreeing to the waiver, Huff waived the right to appeal unless (a) the sentence exceeded the statutory maximum, (b) the sentence exceeded the guideline range, or (c) the government appealed. Because Huff's sentence did not exceed the statutory maximum or his guideline range and the government has not appealed, the waiver bars this appeal.

For these reasons, we **GRANT** the government's motion to dismiss Huff's appeal based on the sentence-appeal waiver in his plea agreement.