[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13484
Non-Argument Calendar

_____

D.C. Docket No. 2:18-cr-00466-TPM-WC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMOND JACQUES, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(July 17, 2020)

Before ROSENBAUM, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Raymond Jacques, III, appeals his sentence of 108 months' imprisonment for possession with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug-trafficking crime. *See* 21 U.S.C. § 841(a); 18 U.S.C. § 924(c).

The government has moved to dismiss the appeal based on the appeal waiver in Jacques's plea agreement.

Jacques entered into a plea agreement with the government and agreed to plead guilty to both counts in the indictment. The plea agreement included an appeal waiver. Under this waiver, as relevant here, Jacques agreed to waive "any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction or sentence," except that the waiver permitted Jacques to appeal on grounds of ineffective assistance of counsel or prosecutorial misconduct. The plea agreement stated that Jacques's attorney advised Jacques of the rights he waived by pleading guilty. Jacques signed the plea agreement.

The magistrate judge conducting the plea colloquy asked Jacques if he had read and discussed the plea agreement with his attorney and if Jacques understood the terms of the agreement before he signed it. Jacques responded that he did. The magistrate judge went through the appeal waiver with Jacques and specifically confirmed that Jacques understood that he waived his right to appeal his sentence. Additionally, the court confirmed Jacques knew the two exceptions to the waiver: ineffective assistance of counsel or prosecutorial misconduct.

We will enforce an appeal waiver that was made knowingly and voluntarily. *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993). To prove that a waiver was made

2

knowingly and voluntarily, the government must show that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

We will enforce the appeal waiver in Jacques's plea agreement. In response to the government's motion to dismiss, Jacques concedes that the district court specifically questioned him about the waiver during the plea colloquy. Jacques confirmed to the court that his lawyer discussed his agreement with him and that he read and understood it. Jacques concedes that he voluntarily gave up his right to appeal the sentence except as set forth in the plea agreement. Accordingly, the record shows that the waiver was made knowingly and voluntarily. *See Bushert*, 997 F.2d at 1351.

No exceptions to the waiver apply. Jacques does not raise any arguments related to ineffective assistance of counsel or prosecutorial misconduct.

Because the appeal waiver is valid and no exception applies, it bars Jacques from challenging the district court's sentence. We therefore **GRANT** the Government's motion to dismiss this appeal.

**APPEAL DISMISSED.**