[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11473
Non-Argument Calendar
_____

D.C. Docket No. 4:19-cr-00117-RSB-CLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHANNON SHEMELE CLANCY,
a.k.a Redman,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(October 23, 2020)

Before WILSON, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Shannon Clancy pled guilty to distributing cocaine in violation of 21 U.S.C.

§§ 841(a)(1) and was sentenced to a term of 151 months' imprisonment.  Clancy

now appeals his sentence, arguing that the district court erred in applying a two-level sentencing enhancement pursuant to U.S.S.G. § 2D1.1(b)(12).[1]  The government moved to dismiss Clancy's appeal based on an appeal waiver in his plea agreement.  Because that appeal waiver is valid, we grant the government's motion to dismiss Clancy's appeal.[2]

Clancy's written plea agreement with the government contained the following appeal waiver:

> Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute).  The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence.  Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

We enforce appeal waivers that are made knowingly and voluntarily.  *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993).  Appeal waivers are valid even if the issues raised on appeal are meritorious.  *United States v. Grinard-Henry*, 399

---

[1] This provision of the Sentencing Guidelines provides for a two-level enhancement "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance."  U.S.S.G. § 2D1.1(b)(12).

[2] Clancy did not file a response to the government's motion to dismiss his appeal.

F.3d 1294, 1296 (11th Cir. 2005) ("An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." (citing *United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999))). To demonstrate that a waiver was made knowingly and voluntarily, the government must show that either (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

Here, we find Clancy's waiver was made knowingly and voluntarily. During the Rule 11 plea colloquy, the district court accurately described and specifically questioned Clancy about the waiver provision, and he indicated that he understood it. Also, Clancy signed the plea agreement, certifying that he understood, discussed with his attorney, and voluntarily agreed to the waiver provision. Because the government has demonstrated that the appeal waiver is valid, we will enforce it here.

Further, the three exceptions outlined in Clancy's waiver do not apply here. The district court sentenced Clancy to 151 months' imprisonment, well below the statutory maximum of 20 years' imprisonment,[3] and at the bottom of Clancy's Guidelines range of 151–188 months' imprisonment. Since (1) Clancy was not sentenced above the statutory maximum, (2) he was not sentenced above his

---

[3] *See* 21 U.S.C. § 841(a)(1) and (b)(1)(C).

3

advisory Sentencing Guidelines range, and (3) the government has not appealed the sentence, the appeal waiver bars Clancy's current appeal.

Accordingly, we GRANT the government's motion to dismiss this appeal based on Clancy's appeal waiver.