[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 20-13219
Non-Argument Calendar

————————————————

D.C. Docket No. 4:20-cr-00004-WMR-WEJ-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JANET PILCHER,

Defendant - Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(November 16, 2020)

Before ROSENBAUM, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Janet Pilcher appeals her sentence of 30 days of imprisonment after pleading guilty to one count of embezzling from a labor organization, in violation of 29 U.S.C. § 501(c). The government has moved to dismiss the appeal on the ground that in her plea agreement, Pilcher waived her right to appeal the sentence. Pilcher has not responded to the government's motion.

In Pilcher's plea agreement, she agreed to waive "the right to appeal her conviction and sentence[,]" including through collateral attack, except for a claim of ineffective assistance of counsel. The waiver provision permitted appeal in two narrow circumstances: (a) if the district court imposed a sentence that exceeded the guideline imprisonment range as determined by the district court, or (b) if the government appealed. Pilcher and her counsel signed the plea agreement, including the last page confirming that she read the agreement and that she reviewed each part of it with her counsel.

The district court accepted Pilcher's guilty plea after conducting a plea colloquy. During the plea colloquy, the court informed Pilcher of the appeal waiver and its exceptions. Specifically, the court confirmed that Pilcher agreed with the government's description of her plea agreement by reading the appeal waiver to her almost exactly as written. Pilcher responded that she understood the appeal waiver in the plea agreement and that she would be bound by the court's decision as to what her sentence would be. Pilcher's counsel also informed the court that she discussed

2

the appeal waiver with Pilcher and that they determined that it would be in Pilcher's best interest to agree to the appeal waiver in the plea agreement.

After the plea hearing, a probation officer prepared a presentence investigation report ("PSR"), calculating a recommended guideline range of 10-16 months in prison.  Pilcher filed a sentencing memorandum requesting a sentence of 8 months' home confinement with 3 years of probation.

At sentencing, the government asked for a downward variance recommending her guideline range to be 8-14 months' imprisonment.  After expressing concerns about the sufficiency of deterrence, the court granted a downward variance and sentenced Pilcher to 30 days in prison followed by 3 years of supervised release. Pilcher now appeals, arguing that her sentence was procedurally unreasonable because the district court failed to adequately consider all the 18 U.S.C. § 3553(a) factors.

We will enforce an appeal waiver that was made knowingly and voluntarily. *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993).  To prove that a waiver was made knowingly and voluntarily, the government must show that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver.  *Bushert*, 997 F.2d at 1351.

We will enforce the appeal waiver in Pilcher's plea agreement.  First, the waiver was made knowingly and voluntarily.  Pilcher verified by her signature that she had read and understood the plea agreement, including the waiver.  And during the plea colloquy, the court specifically questioned Pilcher about the waiver.  Pilcher indicated that she understood the terms of the appeal waiver and that she had discussed the entire plea agreement, including the waiver, with counsel.  Pilcher also confirmed that no one had threatened her, forced her, or promised her anything other than what was in the plea agreement to induce her to plead guilty under the plea agreement, including the appeal waiver.  Accordingly, the record makes clear that the waiver was made knowingly and voluntarily.  *See id.*

Second, the exceptions to Pilcher's appeal waiver do not apply.  The district court did not depart or vary upward from the guideline range it calculated; rather, it varied downward.  Pilcher also does not challenge her sentence on the grounds of ineffective assistance of counsel, nor has the government appealed.  Because no exception applies, the waiver bars this appeal.

For these reasons, we **GRANT** the government's motion to dismiss Pilcher's appeal based on the appeal waiver in her plea agreement.

**APPEAL DISMISSED**.