CARNES, Circuit Judge:
Bennie Bascomb, Jr. appeals the 120-month sentence imposed after he pleaded guilty to violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1)(A). Bascomb was sentenced in accordance with the mandatory mínimums set out by those statutes. As part of his plea agreement, Bas-comb entered a voluntary and knowing waiver of his right to appeal, and the grounds of this appeal were included in that waiver. On the basis of that waiver, we grant the government’s motion to dismiss Bascomb’s appeal.
I.
Bascomb’s conviction resulted from his cultivation of marijuana plants at his home and his possession of a .22 caliber pistol at the time of his arrest. Bascomb’s wife was also charged with manufacturing (the term used in the statute) marijuana. The government offered to drop all charges against his wife if Bascomb would plead guilty, admit that he had been growing more than one hundred marijuana plants and that he had possessed the handgun, and agree to an appeal waiver. Bascomb agreed to do so. Those violations triggered mandatory five-year sentences that must run consecutively. See 21 U.S.C. § 841; 18 U.S.C. § 924.
Bascomb does not dispute the knowing and voluntary nature of his appeal waiver, and the transcript of his change of plea proceedings shows that the magistrate judge specifically questioned him about the waiver, receiving assurances that Bascomb understood what he was doing; defense counsel also acknowledged the waiver. At the sentencing proceedings, the district court indicated that Bascomb would have received a shorter sentence but for the mandatory mínimums required by statute. The court rejected Bascomb’s contention that the sentence was cruel and unusual but agreed that it was unreasonable and *1294 encouraged Bascomb to appeal it. The court did so notwithstanding the fact that the issue was squarely covered by the terms of the appeal waiver, which expressly ruled out an appeal on any ground except ineffective assistance of counsel and prosecutorial misconduct.
Bascomb contends that the sentence violates the Eighth Amendment because it is cruel and unusual. The government contends that his appeal should be dismissed based on Bascomb’s agreement to waive his right to appeal. Bascomb argues that because the government did not object at sentencing to his stated intention to appeal, or to the district court’s encouragement of the appeal, it has acquiesced to this appeal or waived the waiver. Bas-comb also argues that he should not be bound to any agreement waiving his right to challenge an unconstitutional sentence.
II.
We decide the effectiveness of the appeal waiver now because requiring the government to file a brief where there has been a valid appeal waiver undermines the interests of both the government and defendants generally. The reason:
As we explained in [United States v.] Bushert, plea agreements containing such waivers save the government time and money by conveying an immediate and tangible benefit in the saving of prosecutorial resources. 997 F.2d at [1343, 1347 (11th Cir.1993)] A sentence appeal waiver is also of value to a defendant, .because it is another chip the defendant can bring to the bargaining table and trade for additional concessions from the government. See id. Requiring the government to file an appeal brief even though there is an appeal waiver substantially diminishes the value of the waiver to the government, and by extension to defendants who are willing to bargain away their right to appeal the sentence. Accordingly, where it is clear from the plea agreement and the Rule 11 colloquy, or from some other part of the record, that the defendant knowingly and voluntarily entered into a sentence appeal waiver, that waiver should be enforced without requiring the government to brief the merits of the appeal. Where the appeal is due to be dismissed, sooner is better than later.
United States v. Buchanan, 131 F.3d 1005, 1008-09 (11th Cir.1997).
An appeal waiver is valid if a defendant enters into it knowingly and voluntarily. Bushert, 997 F.2d at 1350. We have consistently enforced knowing and voluntary appeal waivers according to their terms. See United States v. Brown, 415 F.3d 1257, 1272 (11th Cir.2005); United States v. Frye, 402 F.3d 1123, 1129 (11th Cir.2005); Williams v. United States, 396 F.3d 1340, 1342 (11th Cir.2005); United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir.2005); United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir.2001); United States v. Pease, 240 F.3d 938, 942 (11th Cir.2001); Buchanan, 131 F.3d at 1009.
United States v. Howle, 166 F.3d 1166 (11th Cir.1999), involved a plea agreement in which Howie waived the right to appeal his sentence and the right to attack his conviction in any post-conviction proceeding. Id. at 1167. Undeterred by that, Howie appealed on a basis that was not covered by either of the two limited exceptions carved out in the appeal waiver. See id. at 1167 n. 2. Seeking to escape the tight grip of his waiver, Howie contended that it was invalidated by the district *1295 court’s statements encouraging him to pursue an appeal. Id. at 1168. The district court had said:
I’ve tried hard to see if I could say that this was outside the heartland. I can’t say that it is____ I will say, however, that I don’t think I have the power to depart, and by saying that, that means that you are allowed to appeal me. And if the Eleventh Circuit disagrees with me and says that I am wrong, I did have the power to depart, then we can come back. I have already indicated I likely, given the discretion, would probably not do prison in this case. I would probably do no more than halfway house ----
So I cannot depart in this case but I invite and welcome an appeal. I will stay the report date so that you can appeal me if you want to ....
Id. As in the present case, the government in Howie did not object to the district court’s invitation for Howie to appeal despite his having waived his right to do so. See id. (“Neither the Government nor the defendant brought the plea bargain to the court’s attention after this statement was made.”). The court was aware of the waiver and had specifically questioned the defendant about it in the course of ascertaining that it was knowing and voluntary. Id. at 1167. As in the present case, neither party expressly stated to the court that the waiver would bar an appeal of the issue that the court had encouraged the defendant to pursue. See id. at 1167-68. In this case, however, defense counsel did acknowledge in the exchange leading to the court’s comments that the defendant could appeal only “to the extent we have any right to appeal, and that has been limited by the negotiations.”
In Howie we concluded that the district court’s statements were “most reasonably interpreted as dicta that had no effect on the court’s prior acceptance of the plea agreement.” Id. at 1168. We determined that a district court does not have the power to modify the terms of a plea agreement, which in Howie included the appeal waiver. Id. We reasoned that the parties had struck a deal that included the appeal waiver, and altering the terms of that waiver would have cut the heart out of the bargain. See id. at 1169. “Having approved the plea agreement, the district court had no more right to change its terms than it would have to change the terms of any other contract.” Id. We observed that a waiver of appeal even includes a waiver of the right to appeal “blatant error.” Id. However, we did note that “[i]n extreme circumstances — -for instance, if the district court had sentenced Howie to a public flogging — due process may require that an appeal be heard despite a previous waiver.” See id. at 1169 n. 5.
Howie was not scheduled to be flogged, so we declined to reach the merits of the appeal and dismissed it based on the plea agreement as it was written. Id. at 1169. If the government had been required to remind the court of the appeal waiver when the court encouraged Howie to appeal, the decision in that case would have come out differently. See id. We conclude, therefore, that Howie forecloses Baseomb’s argument that if a district court encourages a defendant to appeal a particular issue and the government does not then and there assert that the appeal is barred by the appeal waiver, it is prevented from doing so on appeal.
The result in Howie and our reading of it is consistent with our earlier holding in Buchanan, 131 F.3d at 1008-09, that an appeal waiver was enforceable despite the *1296 fact that at the sentence hearing the parties had disputed the merits of a particular sentencing issue. See id. at 1009. We stated: “Despite the sharp disagreement of the parties on the merits of that issue, there is no indication either in the colloquy or in the plea agreement that the parties agreed the issue would be excepted from the appeal waiver the broad terms of which would cover it.” Id. at 1007. We concluded: “Notwithstanding Buchanan’s explicit reservation of the right to argue his position about that issue at sentencing, a right that he exercised, the issue was not exempted from the appeal waiver. We enforce the appeal waiver according to its terms.” Id. at 1009. Buchanan establishes that a vigorous dispute about an issue during the sentencing proceedings does not preserve that issue for appeal when the terms of the appeal waiver do not except it from the waiver.
In the present case Bascomb pleaded guilty, and his plea was accepted during change of plea proceedings in which he was specifically questioned about his understanding of the appeal waiver. The court found that the waiver was knowingly and voluntarily made, and Bascomb does not dispute that it was. The district court accepted the plea agreement, including as it did the appeal waiver. Bascomb was adjudicated guilty on the basis of his plea pursuant to the agreement. During the sentencing proceedings, defense counsel argued that the mandatory minimum sentence the court was forced to impose was unreasonable but recognized the problem he would have raising that issue on appeal. He said:
Prior to the Court announcing sentencing, Your Honor, just for the record to the extent we have any right to appeal, and that has been limited by the negotiations, we want to preserve the right to appeal the fact that we think that the sentence the Court has to impose in this case by way of mandate from Congress is unreasonable, and that—
The district court interrupted counsel to inform him that he could not appeal an issue unless he presented it to the district court first, and “[tjhen you can appeal it.” Counsel argued that the sentence of 120 months the court would be forced to impose was unreasonable and cruel and unusual. The court agreed that the sentence was unreasonable but not that it was cruel and unusual. Then counsel stated, “Yes, Your Honor, but I’ve made my record,” and the court replied: “Certainly. And I think you should perhaps pursue it.”
In his special concurrence, our colleague suggests that “[wjhat really counts, according to Howie, is what the government told the defendant.” We think what really counts under Howie and all of our other appeal waiver decisions is what the defendant and the government agreed to in the plea bargain. What counts is whether the defendant knowingly and voluntarily agreed to waive his right to appeal an issue or issues in an agreement the court accepted and which led to the plea and sentence. Not only is that what counts, that is what should count. We would not revisit the Howie decision even if the prior panel precedent rule permitted us to do so.
The Howie holding reiterates what we have held before, Buchanan, 131 F.3d at 1008-09, which is that knowingly and voluntarily entered plea agreements containing appeal waivers are like contracts in which the government and the defendant have bargained for a deal. See Howle, 166 F.3d at 1168. Defendants and the government alike benefit from the ability to bargain and undermining the enforceability of *1297 such bargains harms all parties that use them. Buchanan, 131 F.3d at 1008. For that reason, among others, as long as an appeal waiver is voluntarily and knowingly entered into as part of a valid plea agreement, and that agreement is accepted by the court, the waiver is enforceable. It cannot be vitiated or altered by comments the court makes during sentencing.
Appealing his sentence is one of the rights Bascomb traded for the government’s promise to drop all charges against his wife. In negotiating an agreement, Bascomb was free to bargain away his right to raise constitutional issues as well as non-constitutional ones, and he did so. See Brown, 415 F.3d at 1272 (enforcing an appeal waiver despite defendant’s contention that the statute under which he was convicted violated the non-delegation doctrine of Article I of the Constitution); Williams, 396 F.3d at 1342 (holding that the plain language of a sentence appeal waiver can preclude a 28 U.S.C. § 2255 claim based on ineffective assistance of counsel); Rubbo, 396 F.3d at 1335 (holding that the right to appeal a sentence on Apprendi/Booker grounds can be waived in a plea agreement).
We do not mean to imply that the right to appeal a sentence that violates the Eighth Amendment because it is cruel and unusual for some reason other than its length will always be barred by an appeal waiver. See Howle, 166 F.3d at 1169 n. 5 (“In extreme circumstances' — for instance, if the district court had sentenced Howle to a public flogging — due process may. require that an appeal be heard despite a previous waiver.”). All we need to decide here is that a defendant may, and this one did, knowingly and voluntarily waive his right to appeal a sentence on the ground that its length, which is less than the statutory maximum, renders it cruel and unusual.
APPEAL DISMISSED.