[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 15, 2012
JOHN LEY
CLERK

_____

No. 11-13414
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cr-20883-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LORN LEITMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 15, 2012)

Before HULL, PRYOR and MARTIN, Circuit Judges

PER CURIAM:

Lorn Leitman appeals his conviction and sentence of 210 months of

imprisonment following his plea of guilt to mail fraud. 18 U.S.C. § 1341. Leitman argues, for the first time on appeal, that the district court failed to comply with Federal Rule of Criminal Procedure 11. Leitman also argues that his sentence is unreasonable and the district court failed to comply with Federal Rule of Criminal Procedure 32.2 before ordering forfeiture. We affirm Leitman's conviction and sentence, and we dismiss Leitman's appeal of the forfeiture.

There was no plain error in Leitman's guilty plea. Leitman argues that the district court failed to ensure that he understood the charges against him and failed to inform him that the government requested the forfeiture. The district court complied with and satisfied the "core principles" of Rule 11, see United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005), when it determined that Leitman had knowingly and intelligently pleaded guilty to the crime of mail fraud as it was described by the prosecutor and that Leitman understood and had "agreed to the entry of a money judgment against [him] to be determined at a later time."

Leitman challenges the eight-level enhancement of his sentence for violating a prior administrative order, United States Sentencing Guidelines Manual § 2B1.1(b)(9)(C) (Nov. 2010), relocating his fraudulent business scheme to evade law enforcement, id. § 2B1.1(b)(10)(A), and being an investment adviser or associated with an investment adviser, id. § 2B1.1(b)(18)(A)(iii), but we need

not address Leitman's challenges because the "guidelines error, if any, did not affect [his] sentence," United States v. Keene, 470 F.3d 1347, 1349 (11th Cir. 2006). The district court stated that it varied upward from the guideline range of 121 to 151 months of imprisonment because it was "wholly inadequate" to address Leitman's "nefarious and deceitful" and "abhorrent" fraud. The district court also stated that the guidelines "substantially understate[d] the manner in which [the] offense was committed," which included Leitman's violation of his oaths to protect the public as a member of the Florida Bar and as a certified public accountant; "preying upon fellow service members"; exacting "usurious fees that [he] charged by moving [the] location[]" of his business from Florida to Puerto Rico and then to New Mexico; inflicting "psychological injuries" by defrauding his mother and longtime friends, including his "son's godfather"; "preying upon the elderly and retirees" who could not "recoup their losses"; and "continu[ing] [his] criminal conduct after having been put on notice by the Florida business regulators and the Florida Bar." The district court found Leitman's crime so "exceptional" that it varied upward 59 months from the high end of the guideline range. The district court considered the "statements of all parties, the presentence report which contains the advisory guidelines, and the statutory factors," 18 U.S.C. § 3553(a), and explained that Leitman's "conduct [required] the strongest possible

measure of deterrence."

The district court also did not abuse its discretion when it varied upward from the guidelines range. Leitman swindled over 36 friends, associates, and fellow military personnel out of more than $3.4 million, and several of his victims lost their life savings and were forced to end their retirements or rely on their families for financial support. In the light of the seriousness and magnitude of Leitman's misconduct, his sentence of 210 months of imprisonment is reasonable.

Leitman's challenge to the order of forfeiture is barred by the appeal waiver in his plea agreement. Leitman's plea agreement provided that he "agree[d] to entry of a money judgment against him . . . which is therefore property subject to forfeiture pursuant to Title 18, United States Code, Section 982," and that he "knowingly and voluntarily waive[d] . . . any right to appeal the forfeiture." The district court discussed the waiver with Leitman during his change of plea hearing, and Leitman said that he understood and had agreed to waive his right to appeal the forfeiture. See United States v. Bascomb, 451 F.3d 1292, 1293 (11th Cir. 2006). Leitman's waiver was knowing and voluntary, so we dismiss his appeal of the forfeiture.

We **AFFIRM** Leitman's sentence and conviction, and we **DISMISS** his appeal as to forfeiture.

**AFFIRMED IN PART, DISMISSED IN PART.**