Albert Henry Mickler, Bryan Keith Mickler, Law Offices of Mickler & Mickler, LLP, Jacksonville, FL, for Plaintiff-Appellant

Irma Reboso Solares, Scott E. Byers, Stephanie A. Fichera, Carlton Fields Jorden Burt, PA, Miami, FL, for Defendant-Appellee

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Rex Hill, alleging damages less than $75,000, sued Allianz Life Insurance in state court for defamation. A little more than a year later he moved to amend his complaint to allege damages greater than $75,000. Allianz in turn removed the action to district court based on diversity jurisdiction. Seeking remand, Hill argued to the district court that the amount-in-controversy requirement for diversity jurisdiction was not satisfied and that 28 U.S.C. § 1446(c) barred removal since he commenced the action in state court more than a year before the removal. The district court rejected both arguments. It concluded that (1) Allianz's removal documents established that more than $75,000 was in controversy and (2) 28 U.S.C. § 1446(c)'s one-year period for removal was inapplicable because Hill, in bad faith, concealed information about his alleged damages. The parties then proceeded to discovery, after which the district court entered summary judgment for Allianz. Hill's defamation claim is time barred, the district court held, and even if the claim is timely, it fails based on the doctrine of invited defamation.

Hill now appeals, asserting that the district court lacked jurisdiction and that it erred in granting summary judgment. After careful consideration of the record and the parties' briefs, we affirm substantially for the reasons set forth by the district court in its orders.

**AFFIRMED.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Juan Alberto ORTIZ-LOPEZ, Defendant-Appellant.**

**No. 17-10707**
**Non-Argument Calendar**

United States Court of Appeals, Eleventh Circuit.

(July 13, 2017)

Yvette Rhodes, Arthur Lee Bentley, III, James A. Muench, Joseph K. Ruddy, U.S. Attorney's Office, Tampa, FL, for Plaintiff-Appellee

Juan Alberto Ortiz-Lopez, Pro Se

Before HULL, WILSON and JULIE CARNES Circuit Judges.

PER CURIAM:

The government's motion to dismiss this appeal pursuant to the appeal waiver in Appellant's plea agreement is GRANTED. See United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993) (holding that

a sentence appeal waiver will be enforced if it was made knowingly and voluntarily); *United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006) (holding that a defendant may knowingly and voluntarily waive his right to appeal both constitutional and non-constitutional issues).