[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10449
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cr-00192-SDM-CPT-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRYAN GOMEZ NEVAREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 20, 2019)

Before MARTIN, ROSENBAUM, and NEWSOM, Circuit Judges.

PER CURIAM:

Bryan Nevarez negotiated a plea agreement with the government under which

he agreed to plead guilty to one count of conspiracy to possess with intent to

distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii).  As part of that deal, Nevarez broadly agreed to waive his right to appeal his sentence, in exchange for the government's promises to take certain favorable actions at sentencing.

The district court accepted Nevarez's guilty plea after a magistrate judge conducted a plea colloquy.  During the plea colloquy, Nevarez was informed of the appeal waiver and its exceptions, and he stated that he understood that, by way of his plea agreement, which he had read and discussed with his attorney, he was giving up the right to appeal his sentence unless one of the exceptions arose.  The district court sentenced Nevarez to 135 months of imprisonment, below the guideline range of 168 to 210 months.

Nevarez now appeals his sentence, arguing that the district court erred by enhancing his offense level under U.S.S.G. § 3B1.1 to account for his leadership role in the offense.  The government has moved to enforce the appeal waiver and to dismiss the appeal.  In response to the government, Nevarez concedes that the waiver is valid and forecloses his appeal.  We agree and grant the government's motion.

We will enforce an appeal waiver that was made knowingly and voluntarily. *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993).  To prove that a waiver was made knowingly and voluntarily, the government must show that (1) the district court

specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

We will enforce the appeal waiver in Nevarez's plea agreement. First, we find that the waiver was made knowingly and voluntarily. Nevarez was specifically questioned about the terms of the waiver, including its exceptions, during the plea colloquy, and he confirmed that he understood the plea agreement, including the waiver, and had discussed it with his attorney.

Second, no exception to the appeal waiver applies. By agreeing to the waiver, Nevarez waived the right to appeal unless (a) the sentence exceeded the statutory maximum penalty, (b) the sentence exceeded the guideline range "as determined by the Court," (c) the sentence violated the Eighth Amendment; or (d) the government appealed. Because none of these exceptions apply, the waiver bars this appeal.

For these reasons, we **GRANT** the government's motion to dismiss Nevarez's appeal based on the sentence-appeal waiver in his plea agreement.

**APPEAL DISMISSED.**