[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10796
Non-Argument Calendar

_____

D.C. Docket No. 3:19-cr-00231-RAH-SMD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS GREATHOUSE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(December 15, 2020)

Before ROSENBAUM, JILL PRYOR, and LAGOA, Circuit Judges.

PER CURIAM:

Marcus Greathouse negotiated a plea agreement with the government under

which he agreed to plead guilty to three counts of Hobbs Act robbery, in violation

of 18 U.S.C. § 1951(a).  As part of that deal, Greathouse agreed to waive "any and all rights conferred by 18 U.S.C. § 3742 to appeal [his] conviction or sentence" except on the grounds of ineffective assistance of counsel or prosecutorial misconduct, or if the government appealed.

The district court accepted Greathouse's guilty plea after a magistrate judge conducted a plea colloquy.  During the plea colloquy, the magistrate judge explained the rights Greathouse would be waiving by pleading guilty, the charges against him, and the possible sentences that he could receive.  The magistrate judge specifically explained to Greathouse that he ordinarily would have the right to appeal his sentence, but his plea agreement contained a waiver of his right to do so.  Greathouse confirmed that he understood.  He further confirmed that he had read and discussed his plea agreement with his attorney before signing it.

After the plea hearing, a probation officer prepared a presentence investigation report, calculating an advisory guideline range of 51 to 63 months of imprisonment.  The government requested a sentence of 72 months' imprisonment, arguing that an upward variance was warranted due to Greathouse's offense conduct, characteristics, and criminal history.  Over Greathouse's objection, the district court sentenced Greathouse to 72 months' imprisonment on each count of conviction, to run concurrently.

Greathouse now appeals, arguing that his 72-month sentences are substantively unreasonable. The government has moved to enforce the appeal waiver and to dismiss the appeal. In his brief, Greathouse does not address the validity of his appeal waiver or the exceptions to it, and he did not file a response to the government's motion. After careful review, we grant the government's motion.

We will enforce an appeal waiver that was made knowingly and voluntarily. *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993). To prove that a waiver was made knowingly and voluntarily, the government must show that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

We will enforce the appeal waiver in Greathouse's plea agreement. First, we find that the waiver was made knowingly and voluntarily. The magistrate judge specifically questioned Greathouse about the appeal waiver during the plea colloquy, and Greathouse indicated that he understood the terms of the appeal waiver and that he had discussed the entire plea agreement, including the waiver, with counsel.

Second, the exceptions to Greathouse's appeal waiver do not apply. Greathouse does not challenge his sentence on the grounds of ineffective assistance

3

or prosecutorial misconduct, and the government has not appealed. Because no exception applies, the waiver bars this appeal.

For these reasons, we **GRANT** the government's motion to dismiss Greathouse's appeal based on the sentence-appeal waiver in his plea agreement.

**APPEAL DISMISSED**.