[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 20-10484
Non-Argument Calendar

————————————————

D.C. Docket No. 1:19-cr-20085-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE SANCHEZ,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

(February 19, 2021)

Before NEWSOM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

George Sanchez pleaded guilty, pursuant to a written plea agreement, to one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B), (h).  He was sentenced to 108 months' imprisonment and was

required to forfeit all property involved in, or traceable to, the conspiracy, including certain real properties.  He now seeks to appeal his sentence and the forfeiture order.  The government moved to dismiss the appeal pursuant to the sentence-appeal waiver in the plea agreement.  Sanchez opposes the motion, arguing that the waiver is not enforceable because the district court failed to address the terms of the waiver specifically before accepting Sanchez's plea and "downplayed the significance" of the waiver.[1]  After review, we conclude that the appeal waiver is valid.  Therefore, we grant the government's motion and dismiss this appeal.

We enforce appeal waivers that are made knowingly and voluntarily.  *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993).  To demonstrate that a waiver was made knowingly and voluntarily, the government must show that either (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver.  *Bushert*, 997 F.2d at 1351.

Sanchez's written plea agreement contained the following appeal waiver:

---

[1] Sanchez also argues for purposes of preserving the issue for *en banc* review by this Court or review by the Supreme Court that appeal waivers are invalid as a matter of law and should be unenforceable.  Because this argument is foreclosed by binding precedent and made for preservation purposes only, we do not address it further.  *See United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993) (holding that sentence-appeal waivers are enforceable provided they are knowingly and voluntarily made).

[I]n exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by [28 U.S.C. §] 1291 and [18 U.S.C. §] 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. . . .

[I]f the United States appeals the defendant's sentence . . . , the defendant shall be released from the above waiver of his right to appeal his sentence. . . .

By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

Additionally, the plea agreement provided that Sanchez "waive[d] any right to appeal the forfeiture."  Sanchez and his counsel signed the agreement.

During the plea colloquy, in relation to the sentence-appeal waiver, the district court explained that

under certain circumstances you may be able to appeal your sentence and [in] other circumstances the United States may be able to appeal the sentence.
So as an example, if I were to sentence you to higher than the advisory guideline range, you may be able to appeal the sentence.  If I sentence you to lower than the advisory guideline range, the United States may be able to appeal the sentence.  Do you understand that?

Sanchez confirmed that he understood.  The district court then asked the government to explain the terms of the plea agreement for the record.  The government reviewed various terms of the plea agreement, including that the agreement contained "an appellate waiver which memorializes the conditions under which the defendant can appeal his sentence, and that the defendant has

waived his right to appeal his sentence under most circumstances." The court then asked Sanchez whether the terms the government reviewed were "[his] understanding of the plea agreement in this case," and Sanchez responded "Yes, your Honor." After explaining the other rights Sanchez would be giving up by pleading guilty, confirming that he was pleading guilty of his own free will, and establishing a factual basis for the plea, the district court accepted Sanchez's plea, finding that it was knowing and voluntary.

The government then asked the court "if we could stop," because it "want[ed] to confirm that the defendant understood that there was an appellate waiver contained within [the agreement]." The following colloquy then occurred:

> The Court: I will say it, but somehow they still get appealed.
>     Sir, do you understand that by pleading guilty in this case you are giving up your right to appeal except as required by law?
>
> [Defense Counsel]: Your Honor, I think you did ask the question. Mr. Sanchez understands that he can appeal under limited circumstances, that if the court goes above the statutory maximum or goes above the applicable guideline range at the time of sentencing.
>
> [The Government]: I don't—one second, your Honor. I don't believe—
>
> The Court: What I think counsel is saying, [counsel for the government], is you guys write that in the plea agreement all the time, and the Eleventh Circuit hears appeals.
>
> [Defense Counsel]: Judge, even with a waiver we are considered ineffective if we don't file it when the client requests it.
> [Government]: I understand, you Honor. I think that my office is trying to do a better job of making clearer on the record that there is,

in fact, an appellate waiver contained within these plea agreements and that the defendant understands that he is foregoing his right to appeal under most circumstances.

The Court:  I understand.  Sir, do you understand that under most circumstances you are giving up your right to appeal the sentence in this case?

The Defendant:  I am sorry, could you please repeat?

The Court, Sir, do you understand that as counsel said in exchange for your plea of guilty in this case, you are giving up your right to appeal the sentence in this matter?

The Defendant: Yes, Your Honor.

Sanchez argues that the appeal waiver is invalid because the district court failed to address the terms of the waiver specifically before accepting Sanchez's plea—instead addressing the waiver after accepting the plea—and "downplayed" the significance of the waiver.  We disagree.

Here, when considered as a whole, the record demonstrates that Sanchez understood the full significance of the waiver.  First, the terms of the appeal waiver were clearly set forth in the plea agreement, and the plea agreement provided that by signing the agreement, Sanchez "acknowledge[d] that [he] ha[d] discussed the appeal waiver set forth in this agreement with [his] attorney."[2]

---

[2] We acknowledge that an examination of the terms of the plea agreement alone is insufficient to demonstrate that the waiver was knowing and voluntary.  *Bushert*, 997 F.2d at 1352.  However, the terms of the agreement may be considered as part of determining whether in light of the record as a whole it is clear that the defendant understood the full significance of the waiver.

Second, any confusion caused at the change-of-plea hearing by the district court's explanation that "under certain circumstances" Sanchez might be able to appeal,[3] was immediately eliminated by the government's subsequent explanation that the plea agreement contained "an appellate waiver which memorializes the conditions under which the defendant can appeal his sentence, and that the defendant has waived his right to appeal his sentence *under most circumstances*." Furthermore, Sanchez confirmed that the government's explanation was also his understanding of the terms of the plea agreement. Moreover, unlike in *Bushert*, Sanchez's counsel confirmed that Sanchez understood "that he can appeal under limited circumstances, that if the court goes above the statutory maximum or goes above the applicable guideline range at the time of sentencing."[4] And, prior to the end of the change-of-plea hearing, the district court expressly inquired as to

---

[3] The district court's statement that "under certain circumstances [Sanchez] may be able to appeal [his] sentence," was the type of language that we deemed "confusing" in *Bushert* and rendered Bushert's appeal waiver invalid because it "did not clearly convey to Bushert that he was giving up his right to appeal under *most* circumstances." 997 F.3d at 1352–53 (emphasis in original).

[4] In a footnote in his response in opposition to the motion to dismiss, Sanchez takes issue with counsel's statement that Sanchez could appeal if the district court sentenced him "above the *applicable* guideline range." He maintains that the use of the term "applicable" as opposed to "advisory" guideline range erroneously implied that Sanchez could challenge whether a particular Guideline was "applicable" (*i.e.*, the calculation of the guidelines range). To the extent that he also argues that this statement rendered the appeal waiver invalid, we rejected a similar argument in *United States v. Boyd*, 975 F.3d 1185 (11th Cir. 2020) (denying argument that, because the plea agreement did not specify who would calculate the guideline range, the plea agreement was ambiguous and should not bar defendant's challenges to the calculation of the range itself).

6

whether Sanchez understood that "in exchange for your plea of guilty in this case, you are giving up your right to appeal the sentence in this matter," and Sanchez confirmed he understood.[5]

Sanchez also argues that the appeal waiver is invalid because the district court "downplayed" the significance of the waiver based on its discussion in front of Sanchez that, despite the existence of appeal waivers in many plea agreements, the Eleventh Circuit hears appeals in many cases. But an appeal waiver "cannot be vitiated or altered" by a district court's comments made during court proceedings. *See Bascomb*, 451 F.3d at 1297 (11th Cir. 2006); *see also United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999) (holding that the district court's encouragement of the defendant to appeal was dicta and "had no effect on the terms of a previously approved plea agreement"). Further, any alleged confusion

---

[5] In response to the motion to dismiss, Sanchez makes much of the fact that this latter colloquy occurred after the district court accepted his plea and is inconsistent with Federal Rule of Criminal Procedure 11(b)(1)(N), which provides that "[b]efore the court accepts a plea of guilty . . . the court must inform the defendant of, and determine that the defendant understands . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." However, Rule 11 also provides that "[a] variance of this rule is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h). Here, while the district court varied from Rule 11(b)(1)(N) by squarely addressing the appeal waiver after accepting the plea (instead of doing so before accepting the plea) the variance was harmless and did not affect Sanchez's substantial rights as the record demonstrates that Sanchez clearly understood the full significance of the appeal waiver. *See id.*; *see also United States v. Hernandez-Fraire*, 208 F.3d 945, 950 (11th Cir. 2000) (explaining, in the context of a challenge to the validity of a guilty plea itself, that "[g]enerally this circuit will uphold a plea colloquy that technically violates Rule 11, but adequately addresses the three core concerns"—(1) that the plea is free from coercion; (2) the defendant understands the nature of the charges; and (3) defendant knows and understands the consequences of his plea).

7

generated by the district court's comments was cured by the subsequent explanation to Sanchez that by pleading guilty, he was waiving his right to appeal his sentence, which Sanchez unequivocally confirmed that he understood.

In sum, at no point during the change-of-plea hearing did Sanchez or his counsel express any objection, hesitation, or misunderstanding concerning the scope of the appeal waiver. Rather, the opposite occurred—Sanchez's counsel confirmed that Sanchez understood the terms of the appeal waiver, and Sanchez himself twice stated that he understood that the appeal waiver was part of his plea agreement. Thus, the record as a whole demonstrates that Sanchez understood the full significance of the appeal waiver and it was knowing and voluntary. Therefore, the appeal waiver is valid and enforceable. *Bushert*, 997 F.2d at 1351.

Moreover, none of the exceptions to Sanchez's sentence-appeal waiver apply here. Sanchez's 108-month sentence does not exceed the statutory maximum of 20 years' imprisonment and is at the bottom of the applicable advisory guideline range of 108 to 135 months' imprisonment. *See* 18 U.S.C. § 1956(a)(1)(B) (providing that the statutory maximum for conspiracy to commit money laundering is 20 years' imprisonment). With regard to his challenge to the forfeiture order, it is well established that criminal forfeiture is part of a defendant's sentence. *See Libretti v. United States*, 516 U.S. 29, 39 (1995); *United States v. Gilbert*, 244 F.3d 888, 924 (11th Cir. 2001) ("It is beyond doubt that

criminal forfeiture is part of a defendant's sentence").  The forfeiture order is therefore covered by Sanchez's appeal waiver.

Accordingly, because Sanchez's challenges to his sentence do not fall within an exception to his appeal waiver, we GRANT the government's motion to dismiss.

**APPEAL DISMISSED.**