[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12838
Non-Argument Calendar
_____

D.C. Docket No. 7:19-cr-00014-WLS-TQL-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY LAMAR DYE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(March 23, 2021)

Before ROSENBAUM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Anthony Dye was sentenced to serve 66 months in prison after pleading

guilty, under a written plea agreement, to possession of cocaine with intent to

distribute and possession of a stolen gun.  He now appeals his sentence, arguing that the district court erred when it applied U.S.S.G. § 2K2.1(a)(4)(A) to calculate his base offense level based on a prior conviction.

The government has moved to dismiss Dye's appeal on the ground that Dye waived his right to appeal the sentence in the plea agreement.  In that agreement, Dye agreed to "waive[] any right to appeal the imposition of sentence" unless (a) the district court imposed a sentence that exceeded either "the advisory guideline range as that range has been calculated by the District Court" at sentencing or the statutory maximum sentence or (b) the government appealed.  Dye has not filed a response to the government's motion.

We will enforce an appeal waiver that was made knowingly and voluntarily. *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993).  To prove that a waiver was made knowingly and voluntarily, the government must show that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver.  *Bushert*, 997 F.2d at 1351.

Here, Dye's appeal waiver was made knowingly and voluntarily.  During the plea colloquy, the district court specifically questioned Dye about the terms of the appeal waiver.  The court advised Dye that he was "waiving or giving up [his] right

2

to appeal directly . . . any sentence that the Court might give based on your pleading guilty . . . under the plea agreement except under some very specific circumstances," and Dye said he understood. The court then covered those exceptions, stating that Dye could appeal if the sentence exceeded the guideline range or if the government appealed, but that he would otherwise be "giving up forever the right to appeal any sentence the Court might give." Dye confirmed that he understood and had no questions about the waiver. The record also shows that Dye initialed each page of the plea agreement, and that the final two pages were signed by the prosecutor, Day, and Dye's counsel. In addition, it reveals that Dye denied having been "forced," "coerced," or "threatened" "in any way" to obtain his agreement to the written plea agreement, which, as we have noted, included the plea waiver we have discussed.

Because the appeal waiver is valid, it bars Dye's appeal of his sentence unless an exception applies. But no exception does because the sentence was within the guideline range as determined by the district court at sentencing, which was below the statutory maximum, and the government has not appealed. We therefore **GRANT** the government's motion to dismiss.

**DISMISSED**.

3