[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13975

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JESUS CHAVEZ-BORJA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cr-00334-CEH-MRM-1

_____

Before ROSENBAUM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Jesus Chavez-Borja appeals his sentence of 87 months' imprisonment after pleading guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. *See* 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii). He challenges the calculation of his guideline range and the conditions of his supervised release. The government has moved to dismiss the appeal based on a sentence-appeal waiver in Chavez-Borja's plea agreement. Chavez-Borja responds that we should adopt and apply a "miscarriage-of-justice" exception to appeal waivers and hear his challenges.

We review *de novo* the validity and scope of an appeal-waiver provision. *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022). Sentence-appeal waivers are enforceable if they are made knowingly and voluntarily. *Id.* at 1367. To enforce a waiver, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).

"We have consistently enforced knowing and voluntary appeal waivers according to their terms." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006). Thus, an appeal waiver may apply "not only to frivolous claims, but also to difficult and debatable

legal issues" or even "blatant error." *King*, 41 F.4th at 1367 (quotation marks omitted). Still, we have recognized certain exceptions to appeal waivers, including jurisdictional defects, sentences based on a constitutionally impermissible factor such as race, sentences that exceed the statutory maximum penalty, or "extreme circumstances" like a "public flogging" sentence. *Id.* But we have "never adopted a general 'miscarriage of justice' exception to the rule that valid appeal waivers must be enforced according to their terms." *Id.* at 1368 n.3; *see also Rudolph v. United States*, 92 F.4th 1038, 1048–49 (11th Cir. 2024) (declining to recognize a miscarriage-of-justice exception to appeal waivers).

Here, the government has shown that the appeal waiver is enforceable. In a provision of the plea agreement titled and underlined, "Defendant's Waiver of Right to Appeal the Sentence," Chavez-Borja "expressly "waive[d] the right to appeal [his] sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range," except the grounds that the sentence (a) exceeded the guideline range as determined by the district court, (b) exceeded the statutory maximum, or (c) violated the Eighth Amendment. In addition, Chavez-Borja would be released from the waiver if the government appealed. Chavez-Borja initialed the bottom of each page of the plea agreement, and he and his attorney signed the final page under a certification stating that he fully understood the plea agreement's terms.

Then, during the plea colloquy, a magistrate judge questioned Chavez-Borja through an interpreter about the terms of the

plea agreement, including the appeal waiver. The magistrate judge explained that, under the appeal waiver in his plea agreement, Chavez-Borja was "waiving [his] right to appeal [his] sentence except on very narrow grounds." In particular, the magistrate judge stated, he was "waiv[ing his] right to appeal [his] sentence on any ground, including the ground that the [d]istrict [j]udge made a mistake in calculating [his] sentencing guidelines range," unless one of the waiver's exceptions applied, which the magistrate judge described nearly verbatim from the agreement. Chavez-Borja confirmed that he understood the appeal rights he was giving up, that he had discussed the appeal waiver with his attorney, that he did not have any questions about it, and that he made the waiver freely and voluntarily. The magistrate judge found that Chavez-Borja pled guilty freely and voluntarily, with full knowledge of the consequences. And the district court accepted the plea without any objections.

Because Chavez-Borja was specifically questioned about the waiver, and it is otherwise clear from the record that he understood the waiver's full significance, we will enforce the waiver according to its terms. *See Bascomb*, 451 F.3d at 1294; *Bushert*, 997 F.2d at 1351. And Chavez-Borja does not contend that the terms of his appeal waiver permit his current appeal, which challenges the guideline range under which he was sentenced and the conditions of his supervised release.

Instead, Chavez-Borja maintains that we should adopt and apply a miscarriage-of-justice exception, as some other circuits

22-13975                Opinion of the Court                5

have done.  *See, e.g.*, *United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004) (*en banc*); *United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003) (*en banc*).  But he fails to explain why the issues he raises would qualify under such an exception.[1]  And we have repeatedly declined to recognize any exceptions beyond "our established categories of unwaivable claims," which are outlined above and do not apply in this case.  *King*, 41 F.th at 1368 n.3; *see also Rudolph*, 92 F.4th at 1048–49 ("declin[ing] to create [a miscarriage-of-justice] exception").  We follow that same course here.

For these reasons, we grant the government's motion to dismiss Chavez-Borja's appeal based on the appeal waiver in his plea agreement.

**DISMISSED.**

---

[1] It does not appear Chavez-Borja would be barred from filing a motion under 18 U.S.C. § 3582(c)(2) to obtain the benefit of Amendment 821 to the United States Sentencing Guidelines, which took effect after sentencing.  Similarly, Chavez-Borja may move to modify the conditions of his supervised release under 18 U.S.C. § 3583(e)(2).