[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-10725

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ELIESER SORI RODRIGUEZ,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:23-cr-14016-RLR-1

_____

2                        Opinion of the Court                        24-10725

Before ROSENBAUM, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Elieser Rodriguez appeals his prison sentence of 57 months after pleading guilty to several offenses arising from a scheme to purchase guns in the United States using straw buyers and smuggle the guns to the Dominican Republic.[1]  He maintains that the 57-month sentence is substantively unreasonable because he has a limited criminal history and he sent the weapons to protect his family from threats.  The government moves to dismiss the appeal, arguing that Rodriguez knowingly and voluntarily waived this ground for appeal in his plea agreement.  After careful review, we grant that motion and dismiss the appeal.

We review *de novo* the validity and scope of an appeal waiver provision.  *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022).  Sentence appeal waivers are enforceable if they are made knowingly and voluntarily.  *Id.* at 1367.  To enforce a waiver, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the

---

[1] Rodriguez was charged with and pled guilty to one count of conspiracy to purchase firearms by means of false statements, *see* 18 U.S.C. § 371; three counts of purchasing a firearm by means of false statements, *see id.* § 922(a)(6); one count of smuggling firearms from the United States, *see id.* § 554; and one count of delivering a firearm to a common carrier without written notification, *see id.* § 922(e).

record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). "We have consistently enforced knowing and voluntary appeal waivers according to their terms." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006).

Here, the government has shown that the appeal waiver is enforceable. Paragraph 15 of the plea agreement contains a sentence appeal waiver, which states in part,

> [I]n exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing.

In addition, Rodriguez would be released from the waiver if the government filed an appeal. Later in the agreement, Rodriguez acknowledged that he had "discussed the appeal waiver" with his attorney, and he and his attorney signed the final page.

Then, during the plea colloquy, the district court specifically questioned Rodriguez about the plea agreement's appeal waiver. The court explained that, through the appeal waiver, Rodriguez was waiving his ordinary right to appeal "how [the court]

computes [his] Sentencing Guidelines, [and] whether a sentence within that [g]uideline range is reasonable." Using example guideline ranges, the court explained that Rodriguez could appeal if the court imposed a sentence above the guideline range, but not if the sentence was within the guideline range established by the court at sentencing. Rodriguez confirmed that he understood the appeal rights he was giving up, that he did not have any questions about the waiver, and that, after conferring with counsel, he wished to waive his appeal rights as set forth in the plea agreement. Accordingly, the district court found that the appeal waiver was made knowingly and voluntarily, and it accepted Rodriguez's guilty plea.

Because Rodriguez was specifically questioned about the waiver, and it is otherwise clear from the record that he understood the waiver's full significance, we will enforce the waiver according to its terms. *See Bascomb*, 451 F.3d at 1294; *Bushert*, 997 F.2d at 1351. And those terms plainly prohibit Rodriguez from challenging his sentence on the ground that his guideline-range sentence is substantively unreasonable. The waiver's exceptions do not apply because the court did not impose a sentence that "exceed[ed] the maximum permitted by statute or [wa]s the result of an upward departure and/or an upward variance from the advisory guideline range," and the government has not appealed.

Accordingly, we must enforce the terms of the appeal waiver and grant the government's motion to dismiss.

**MOTION GRANTED; APPEAL DISMISSED.**