[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11203

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TERRY DEWAYNE PARKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:23-cr-00350-RAH-SMD-1

_____

Before ROSENBAUM, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Terry Parker appeals his prison sentence of 100 months for distributing methamphetamine. He contends that the district court plainly erred at sentencing by applying a guideline enhancement for maintaining a drug premises. *See* U.S.S.G. § 2D1.1(b)(12). The government moves to dismiss, arguing that Parker knowingly and voluntarily waived his right to appeal in his plea agreement. After careful review, we grant the motion and dismiss the appeal.

We review *de novo* the validity and scope of an appeal-waiver provision. *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022). Sentence appeal waivers are enforceable if they are made knowingly and voluntarily. *Id.* at 1367. To enforce a waiver, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). "We have consistently enforced knowing and voluntary appeal waivers according to their terms." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006).

Here, the government has shown that the appeal waiver is enforceable. Among the promises exchanged in the plea agreement, under the bolded heading, "THE DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK," Parker "expressly

waive[d] any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction, sentence, or order of forfeiture," except "on the grounds of ineffective assistance of counsel or prosecutorial misconduct." Parker would be released from the waiver if the government appealed. Parker initialed the bottom of each page of the plea agreement and signed the final page along with his attorney.

Then, during the plea colloquy, a magistrate judge questioned Parker about the terms of the plea agreement, including the appeal waiver. The magistrate judge explained that the plea agreement contained an "appeal waiver," under which Parker was "giving up the right to appeal." Parker told the court that he had read and reviewed the plea agreement with his attorney, that he understood the waiver provision, and that he wished to plead guilty because he was in fact guilty. The magistrate judge accepted the guilty plea as knowing and voluntary and supported by a factual basis.[1]

Parker contends that the waiver is not enforceable because he was not "specifically warned that the waiver would prevent him from challenging the way the district court calculated his sentence." But the plea agreement, which Parker confirmed he had read and understood, expressly waived—aside from two exceptions not applicable here—"*any and all* rights . . . to appeal the . . . sentence," which plainly covers guideline-calculation errors. Parker also confirmed his understanding he was "giving up the right

---

[1] Parker consented to have a magistrate judge accept his plea and adjudicate him guilty.

to appeal," even if the magistrate judge did not address in specific detail the kinds of errors he was waiving the right to raise. *See United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (stating that the "touchstone" for assessing whether an appeal waiver was made knowingly and voluntarily "is whether it was clearly convey[ed] to [the defendant] that he was giving up his right to appeal under most circumstances"). Under the circumstances, the magistrate judge's failure to explain the consequences of the waiver in greater detail does not defeat the validity of the waiver.

Because Parker was specifically questioned about the waiver during the plea colloquy, and the record otherwise indicates that he understood the waiver's full significance, we will enforce the waiver according to its terms. *See Bascomb*, 451 F.3d at 1294; *Bushert*, 997 F.2d at 1351. And as the government asserts and Parker does not dispute, those terms prohibit Parker from appealing his sentence. Accordingly, we must enforce the terms of the appeal waiver and grant the government's motion to dismiss.

**DISMISSED.**