[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11895

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

BILLIE HAROLD MCDUFFIE, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cr-00171-WWB-EJK-1

_____

2                        Opinion of the Court                    24-11895

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

The government's motion to dismiss this appeal pursuant to the appeal waiver in Appellant's plea agreement is GRANTED. *See United States v. Bushert*, 997 F.2d 1343, 1345, 1350–51 (11th Cir. 1993) (holding that we will enforce sentence appeal waivers if they are made "knowingly and voluntarily"); *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (noting that the "touchstone" for assessing if a sentence appeal waiver was made knowingly and voluntarily is whether it was clearly conveyed to the defendant that he was giving up his right to appeal under most circumstances); *United States v. Howle,* 166 F.3d 1166, 1169 (11th Cir. 1999) (explaining that an appeal waiver may include a waiver to appeal difficult legal issues, debatable legal issues, or even blatant error); *United States v. Bascomb*, 451 F.3d 1292, 1296-97 (11th Cir. 2006) (stating that a "vigorous" dispute during sentencing does not preserve that issue for appeal when it does not fall under an exception to the appeal waiver).