[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11716

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JASON ALAN SCRUGGS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cr-00119-WWB-DCI-1

_____

2                     Opinion of the Court                     23-11716

Before JILL PRYOR, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

The Government's motion to dismiss this appeal pursuant to the appeal waiver in Appellant's plea agreement is GRANTED. *See United States v. Bushert*, 997 F.2d 1343, 1345, 1350–51 (11th Cir. 1993) (holding we will enforce sentence appeal waivers if they are made "knowingly and voluntarily"); *United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (noting the "touchstone" for assessing if a sentence appeal waiver was made knowingly and voluntarily is whether it was clearly conveyed to the defendant that he was giving up his right to appeal under most circumstances, even if the court did not expressly address every exception to the appeal waiver); *United States v. Howle,* 166 F.3d 1166, 1169 (11th Cir. 1999) (explaining an appeal waiver may include a waiver to appeal difficult legal issues, debatable legal issues, or even blatant error); *United States v. Bascomb*, 451 F.3d 1292, 1296-97 (11th Cir. 2006) (stating a "vigorous" dispute during sentencing does not preserve that issue for appeal when it does not fall under an exception to the appeal waiver).