**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-10058

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

AARON B. THOMPSON,

*Defendant-Appellant.*

————————————

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00438-SDM-CPT-1

————————————

————————————

No. 25-10134

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

2                    Opinion of the Court                    25-10058

*versus*

AARON THOMPSON,

*Defendant-Appellant.*

————————————

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00438-SDM-CPT-1
————————————

————————————

No. 25-10176
Non-Argument Calendar
————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

AARON THOMPSON,

*Defendant-Appellant.*

————————————

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00438-SDM-CPT-1
————————————

————————————

No. 25-10225
Non-Argument Calendar
————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

AARON THOMPSON,

*Defendant-Appellant.*

————————————

Appeals from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00438-SDM-CPT-1

————————————

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Aaron Thompson pleaded guilty to two counts of mailing threatening communications in violation of 18 U.S.C. § 876(c) and received a 41-month sentence. On appeal, Thompson challenges his sentence as substantively unreasonable. The government has moved to dismiss the appeal, arguing that: (1) the appeal is untimely and (2) the sentence appeal waiver provision in Thompson's plea agreement bars the appeal. We need not address whether the appeal is timely. Even assuming that Thompson's appeal is timely, it is barred by the appeal waiver in the plea agreement. Thus, we dismiss his appeal.

**I.**

In 2022, Thompson, a Florida prisoner serving a 30-year sentence, mailed letters to judges on Florida's Second District Court

of Appeal threatening to kill them and their families. He was charged in federal court with three counts of mailing interstate threats in violation of 18 U.S.C. § 876(c).

In a written plea agreement, Thompson agreed to plead guilty to two counts of mailing a threatening communication, and the government agreed to dismiss the third count. The plea agreement included a sentence appeal waiver provision. In this provision, Thomas agreed to waive his right to appeal his sentence unless his sentence (1) exceeded the guideline range determined by the court at sentencing, (2) exceeded the statutory maximum penalty, or (3) violated the Eighth Amendment.

A magistrate judge conducted the change-of-plea hearing. He discussed with Thompson the appeal waiver provision. The magistrate judge explained that Thompson largely would be giving up his right to appeal his sentence and reviewed the exceptions when Thompson would be permitted to appeal. Thompson indicated that he understood that he was giving up the right to appeal unless one of the exceptions applied. At the end of the hearing, the magistrate judge found that Thompson was knowingly and voluntarily pleading guilty. He recommended that the court accept Thompson's plea and adjudicate him guilty. Thompson did not object to this recommendation. The court accepted Thompson's plea and adjudicated him guilty. In October 2023, the district court imposed a total sentence of 41 months' imprisonment followed by three years of supervised release. It ordered the custodial sentence

to run consecutively to the state sentence that Thompson was already serving.

In December 2024, Thompson, proceeding *pro se*, filed a notice of appeal. We then appointed counsel to represent him in this appeal.

## II.

We review *de novo* the validity and scope of an appeal-waiver provision in a plea agreement. *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022). Sentence appeal waivers are enforceable if they are made "knowingly and voluntarily." *Id.* at 1367. To enforce a sentence appeal waiver, the government must show that either (1) "the district court specifically questioned the defendant concerning the sentence appeal waiver during the" colloquy at the change-of-plea hearing, or (2) "it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). "We have consistently enforced knowing and voluntary appeal waivers according to their terms." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006).

The sentence appeal waiver provision in Thompson's plea agreement bars the appeal. After reviewing the record, we conclude that Thompson knowingly and voluntarily pleaded guilty and waived his right to appeal his sentence. Although the plea agreement's sentence appeal waiver permits Thompson to appeal in several circumstances, none of those circumstances is present here.

Thompson nevertheless asks us to allow him to appeal, arguing that sentence appeal waivers are "unconstitutional" and "unenforceable" because it is improper to have a defendant, at the trial stage, waive his right to appeal his sentence. Appellant's Br. 14. But the right to an appeal is statutory, not constitutional, and we have held that knowing and voluntary appeal waivers should be given their full effect. *Bushert*, 997 F.2d at 1347.

The government's motion to dismiss the appeal is **GRANTED**.