**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12481

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ANA ROMERO,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:23-cr-00076-BJD-SJH-1

_____

Before JORDAN, ROSENBAUM, and KIDD, Circuit Judges.

PER CURIAM:

Ana Romero appeals her 21-month prison sentence for conspiring to commit wire fraud and to defraud the IRS. *See* 18 U.S.C. §§ 371, 1349. The government moves to dismiss Romero's appeal

based on the sentence appeal waiver in her plea agreement. We conclude that the appeal-waiver provision is enforceable, and that no exception to the waiver applies, so we grant the government's motion to dismiss.

We review de novo the validity and scope of an appeal-waiver provision in a plea agreement. *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022). Sentence appeal waivers are enforceable if they are made knowingly and voluntarily. *Id.* at 1367. "The government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). We enforce knowing and voluntary appeal waivers "according to their terms." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006).

Here, the government has shown that the appeal waiver is enforceable and bars this appeal. Romero's plea agreement included a provision titled and underlined, "Defendant's Waiver of Right to Appeal the Sentence." In that provision, Romero "expressly waive[d] the right to appeal [her] sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range," except for certain excluded grounds. Romero could still appeal on the grounds that the sentence (1) "exceed[ed] the "applicable guideline range as determined by the

Court"; (2) "exceed[ed] the statutory maximum penalty"; or (3) "violate[d] the Eighth Amendment to the Constitution."  Also, the waiver did not apply if the government appealed.  Romero initialed the bottom of each page, and she and her attorney signed a certification stating that Romero fully understood the terms of the agreement.

Then, during the plea colloquy, a magistrate judge questioned Romero about the terms of the plea agreement, including the appeal waiver.  The judge explained that, under the waiver, Romero "waive[d] [her] right to appeal [her] sentence on any ground, including that the district judge made a mistake in calculating [her] sentencing guideline range."  The judge elaborated that she was waiving her right to appeal the sentence "except on four narrow grounds," which the judge accurately summarized from the waiver.  Romero confirmed that she understood the waiver, did not have any questions about it, and made the waiver freely and voluntarily.  The district court accepted Romero's guilty plea as knowing and voluntary and adjudicated her guilty.

Because Romero was specifically questioned about the waiver during the plea colloquy, and it's otherwise clear from the record that she understood the waiver's full significance, we will enforce the waiver according to its terms.  *See Bascomb*, 451 F.3d at 1294; *Bushert*, 997 F.2d at 1351.

Romero's appeal does not fit within any exception to her appeal waiver.  She argues that the court failed to properly consider

home confinement and imposed a substantively unreasonable sentence, but she does not contend that the sentence exceeded the guidelines range or the statutory maximum, or that it violated the Eighth Amendment.  Because the terms of Romero's appeal waiver bar her appeal, we grant the government's motion to dismiss.

**DISMISSED.**