[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11873

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ARSENIO DENNIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00277-TPB-AAS-1

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Arsenio Dennis appeals his total sentence of 264 months after pleading guilty to Hobbs Act robbery and using and carrying a firearm in furtherance of a robbery, raising challenges to the calculation of his guideline sentencing range. He contends that the district court erred by scoring dismissed conduct as a pseudo-count of conviction rather than solely as relevant conduct, and by finding that he "otherwise used" a firearm for purposes of a six-level sentencing enhancement.

The government moves to dismiss the appeal based on a sentence-appeal waiver in Dennis's plea agreement. In exchange for certain promises by the government, Dennis agreed in the plea agreement that he "expressly waives the right to appeal [his] sentence on any ground, including the ground that the Court erred in determining the applicable guideline[] range pursuant to the United States Sentencing Guidelines," unless certain exceptions applied. The waiver did not apply if the sentence exceeded the guideline range calculated by the court or the statutory maximum, if the sentence violated the Eighth Amendment, or if the government appealed. Dennis has not responded to the government's motion to dismiss.

We will enforce an appeal waiver that was made knowingly and voluntarily. *United States v. Bascomb*, 451 F.3d 1292, 1294

(11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993).  To prove that a waiver was made knowingly and voluntarily, the government must show that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver.  *Bushert*, 997 F.2d at 1351.

Here, Dennis knowingly and voluntarily waived the right to appeal his sentence.  During the plea colloquy, the magistrate judge reviewed the terms of the plea agreement, including the appeal waiver.  The magistrate judge covered each of the waiver's exceptions in detail, and Dennis confirmed that he understood he could appeal only on the grounds that the sentence violated the Eighth Amendment or exceeded the court's guideline range or the statutory maximum, or if the government appealed.  The record also shows that Dennis and his attorney signed the plea agreement, certifying that they had read the entire agreement and fully understood its terms, and Dennis initialed beneath each page.

Because the record shows that the appeal waiver was made knowingly and voluntarily, we will enforce the waiver and dismiss the appeal.  *See Bascomb*, 451 F.3d at 1294; *Bushert*, 997 F.2d at 1351.  Dennis's arguments on appeal fall within the scope of the waiver.  He challenges the district court's calculation of the guideline range, but he expressly waived the right to appeal on "the ground that the Court erred in determining the applicable guideline[] range pursuant to the United States Sentencing Guidelines."

4                    Opinion of the Court                    21-11873

And no exception to the waiver applies because the sentence was within the guideline range calculated by the court and below the statutory maximum, and the government has not appealed.

Accordingly, we **GRANT** the government's motion to dismiss and **DISMISS** the appeal.