[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13290

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JEFFERY MCBRIDE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:20-cr-00020-CDL-MSH-1

_____

Before ROSENBAUM, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Jeffery McBride appeals his sentence of 168 months of imprisonment after pleading guilty to possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). He challenges the calculation of his guideline range under the Sentencing Guidelines, arguing that the district court erred in applying a two-level enhancement for possessing a firearm under U.S.S.G. § 2D1.1(b)(1).

The government moves to dismiss the appeal based on a sentence-appeal waiver in McBride's plea agreement. In exchange for certain promises by the government, McBride expressly agreed in the plea agreement to

> waive[] any right to appeal the imposition of sentence upon [him] . . . except in the event that the District Court impose[d] a sentence that exceed[ed] the advisory guideline range as that range has been calculated by the District Court at the time of sentencing, or in the event that the District Court impose[d] a sentence in excess of the statutory maximum.

McBride would also be released from the waiver if the government appealed. McBride has not responded to the government's motion.

We will enforce an appeal waiver that was made knowingly and voluntarily. *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993). To prove that a waiver was made knowingly and voluntarily, the government must show that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

Here, McBride knowingly and voluntarily waived the right to appeal his sentence. During the plea colloquy, the district court reviewed the terms of the plea agreement with McBride, including the appeal waiver. Among other things, the court made clear, and McBride indicated he understood, that he was waiving the right to directly appeal a sentence within the guideline range, even if the court "miscalculate[d] [his] guideline range[,] as long as [it] sentence[d] [him] within the guideline range." The record also shows that McBride and his attorney signed the plea agreement, certifying that they had read the entire agreement and fully understood its terms, and McBride initialed beneath each page.

Because the record shows that the appeal waiver was made knowingly and voluntarily, we will enforce the waiver and dismiss the appeal. *See Bascomb*, 451 F.3d at 1294; *Bushert*, 997 F.2d at 1351. McBride's challenge to the calculation of his guideline range falls within the scope of the waiver, which waived review of such challenges unless the court "exceed[ed] the advisory guideline

range as that range has been calculated by the District Court at the time of sentencing." The sentence of 168 months was within the guideline range as calculated by the court, so the waiver applies.

Accordingly, we **GRANT** the government's motion to dismiss and **DISMISS** the appeal.