[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13400

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAVIER NOA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20135-DLG-1

_____

Before WILSON, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

Javier Noa pleaded guilty, pursuant to a written plea agreement containing a sentence-appeal waiver, to conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846.[1] The district court sentenced Noa to 45 months' imprisonment with credit for time served, followed by 3 years' supervised release. Noa appeals, arguing that the district court erred in (1) imposing a guidelines enhancement under U.S.S.G. § 2D1.1(b)(2) for making a credible threat of violence, and (2) finding that the alleged credible threat of violence qualified as relevant conduct under U.S.S.G. § 1B1.3(a)(1). The government moves to dismiss this appeal pursuant to the sentence-appeal waiver in Noa's plea agreement. In response, Noa argues that the appeal waiver is unenforceable because it is ambiguous for three reasons: (1) the terms of the waiver were not explained adequately to him; (2) he was unaware that the applicable guidelines range was 41 to 51 months' imprisonment and not the lower range he had requested in his objection to the presentence investigation report; and (3) in pronouncing his sentence, the district court stated that Noa had the right to appeal his sentence and the government did not object. After review, we conclude that the sentence-appeal

---

[1] In exchange for Noa's plea to this count, the government agreed to dismiss the four remaining counts against him.

waiver is valid and enforceable. Therefore, we grant the government's motion to dismiss.

"We review the validity of a sentence appeal waiver de novo." *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We enforce appeal waivers that are made knowingly and voluntarily. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993). To demonstrate that a waiver was made knowingly and voluntarily, the government must show that either (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

Noa's plea agreement contained the following appeal waiver:

> the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's rights and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b)

> and Title 28, United States Code, Section 1291.
> However, if the United States appeals the defendant's
> sentence pursuant to Sections 3742(b) and 1291, the
> defendant shall be released from the above waiver of
> appellate rights.

Noa initialed each page of the agreement and signed the plea agreement.

At the change-of-plea hearing, the district court confirmed that the entire plea agreement was read to Noa in his native language of Spanish and that he understood it and signed it. The district court explained that Noa faced a maximum sentence of 20 years' imprisonment. The district court explained that, after the plea hearing, the United States Probation Office would prepare a presentence investigation report (PSI) on Noa, that Noa could object to the information in the report if he disagreed with any of it, and that the report would be used to determine Noa's advisory guidelines range. The district court explained that it could impose a sentence more or less severe than the guidelines range and could be up to the statutory maximum. Noa confirmed that he understood. The district court then explained that any sentencing projections Noa may have received from his counsel were just estimates, and the district court would make the "final determination . . . at the time of sentencing." Noa stated that he understood. The district court then explained to Noa that, by pleading guilty, he was giving up his right to appeal his sentence unless the sentence exceeded the statutory maximum or the

sentence was an upward departure or upward variance. Noa confirmed that he understood. Thereafter, the district court found that both the appeal waiver and Noa's guilty plea were knowingly and voluntarily entered.

Noa raised several objections to the PSI, which the district court addressed at sentencing. In particular, the district court sustained one of Noa's objections and then asked the probation office for a revised guidelines range. The probation office stated that Noa's revised guidelines range was 41 to 51 months' imprisonment. Noa's counsel then requested that the court impose "the lowest amount," "which would be the 41 months, rather than the top end of the 51 months." The district court imposed a sentence of 45 months' imprisonment to be followed by three years of supervised release. Finally, the district court stated, albeit erroneously, that Noa had a right to appeal the sentence imposed.

Noa's argument that the sentence-appeal waiver is unenforceable because it was ambiguous and was not explained to him adequately in open court is refuted by the record. The appeal waiver stated unequivocally that Noa was waiving "all rights" to appeal his sentence unless one of the following occurred—(1) if the sentence exceeded the statutory maximum, (2) if the sentence was the result of "an upward departure . . . from the advisory guideline range that the [c]ourt establishes at sentencing, or (3) if the sentence was the result of "an upward variance from the advisory guideline range that the [c]ourt establishes at sentencing." Noa

initialed each page of the plea agreement, including the appeal waiver, signed the agreement, and confirmed during the plea colloquy that the agreement was read to him and that he understood it. The district court also orally reviewed the appeal waiver with Noa during the plea colloquy and he stated he understood.

Likewise, Noa's argument that he did not understand that the guidelines range would be calculated by the district court and that he could not appeal it is belied by the record. The plea agreement stated throughout that the guidelines range would be determined by the district court, and the district court explained during the plea colloquy that it would make the final guidelines determination at sentencing and that Noa could be sentenced above or below that range up to the statutory maximum, and Noa stated that he understood.

Similarly, Noa's contention that he did not understand that the applicable guidelines range was 41 to 51 months' imprisonment as opposed to the lower range of 33 to 41 months' he had argued was appropriate is refuted by the record. The district court addressed each of Noa's objections to the PSI individually, explaining its reasoning in great detail. The district court sustained Noa's last objection and the probation officer stated the revised guidelines range on the record. Noa did not object or ask for any clarification. Noa's counsel then requested that the court impose "the lowest amount" under the guidelines, "which would be the 41 months, rather than the top end of the 51 months." Noa did not

express any confusion or ask for clarification. Thus, the record establishes that Noa was aware that, with the exception of one, each of his objections to the PSI had been overruled and that his guidelines range was 41 to 51 months' imprisonment.

Finally, although the district court stated erroneously at sentencing that Noa had the right to appeal his sentence, it is well-established that this statement does not affect the validity of the sentence-appeal waiver. *See Bascomb*, 451 F.3d at 1297 (explaining that an enforceable appeal waiver "cannot be vitiated or altered by comments the court makes during sentencing").

Consequently, the record establishes that Noa's sentence-appeal waiver was knowingly and voluntarily made and is enforceable. *Bushert*, 997 F.2d at 1351; *see also United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) (enforcing an appeal waiver where "the waiver provision was referenced during [the defendant's] Rule 11 plea colloquy and [the defendant] agreed that she understood the provision and that she entered into it freely and voluntarily").

Because Noa's claims concerning the guidelines enhancements do not fall within any of the limited exceptions to the valid sentence-appeal waiver, the waiver forecloses his appeal. Accordingly, we **GRANT** the government's motion to dismiss.

**APPEAL DISMISSED.**