[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-11107

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICLAUDE PETION,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cr-00137-RBD-EJK-1

————————————————

Before ROSENBAUM, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Miclaude Petion appeals his prison sentence of 70 months after pleading guilty to unlawful possession of a firearm after a felony conviction. *See* 18 U.S.C. § 922(g)(1). He challenges the district court's decision to apply sentencing enhancements for possessing between three and seven firearms, *see* U.S.S.G. § 2K2.1(b)(1)(A), and for possessing a stolen firearm, *see id*. § 2K2.1(b)(4), when calculating his advisory guideline range. The government moves to dismiss the appeal, arguing that Petion knowingly and voluntarily waived these grounds for appeal in his plea agreement. After careful review, we grant that motion and dismiss the appeal.

We review *de novo* the validity and scope of an appeal waiver provision. *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022). Sentence appeal waivers are enforceable if they are made knowingly and voluntarily. *Id*. at 1367. To enforce a waiver, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). "We have consistently enforced knowing and voluntary appeal waivers according to their terms." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006).

Here, the government has shown that the appeal waiver is enforceable. Among the promises exchanged in the plea agreement, in a provision titled and underlined, "Defendant's Waiver of Right to Appeal the Sentence," Petion "expressly waive[d] the right to appeal [his] sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range," except the grounds that the sentence (a) exceeded the guideline range "as determined by the [c]ourt," (b) exceeded the statutory maximum, or (c) violated the Eighth Amendment. In addition, Petion would be released from the waiver if the government appealed. Petion initialed the bottom of each page of the plea agreement, and he and his attorney signed the final page under a certification stating that he fully understood the plea agreement's terms.

Then, during the plea colloquy, a magistrate judge questioned Petion about the terms of the plea agreement, including the appeal waiver. The magistrate judge explained that Petion was "waiving [his] right to appeal [his] sentence except on four narrow grounds," which the judge accurately recited from the plea agreement. Petion confirmed that he understood the appeal rights he was giving up, that he did not have any questions about the waiver, and that he made the waiver freely and voluntarily. The magistrate judge found that Petion pled guilty freely and voluntarily, with full knowledge of the consequences. And the district court accepted the plea without any objections.

Because Petion was specifically questioned about the waiver, and it is otherwise clear from the record that he understood

4                    Opinion of the Court                    23-11107

the waiver's full significance, we enforce the waiver according to its terms. *See Bascomb*, 451 F.3d at 1294; *Bushert*, 997 F.2d at 1351. And those terms plainly prohibit Petion from challenging his sentence on the ground "that the [c]ourt erred in determining the applicable guidelines range," since the sentence did not exceed the guideline range or the statutory maximum. Accordingly, we must enforce the terms of the appeal waiver and grant the government's motion to dismiss.

**DISMISSED.**