[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12324

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

OSCAR ROBINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:22-cr-14064-KMM-1

_____

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Oscar Robinson appeals the district court's imposition of a 13-year term of imprisonment after he pled guilty to possession of cocaine with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. Following a review of the record and the parties' briefs, we affirm.*

**I**

Mr. Robinson was charged in a superseding indictment, with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count One), possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Two), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Three). The case was set for trial after Mr. Robinson pled not guilty to all three counts.

On the morning of the first day of trial, Mr. Robinson pled guilty to Counts Two and Three pursuant to a plea agreement. In exchange for his guilty plea, the government agreed to dismiss Count One. *See* D.E. 77 at 1. As set forth in the plea agreement, the parties agreed to "jointly recommend . . . a total sentence of thirteen years' imprisonment, consisting of eleven years on Count

---

* As to any issues not specifically addressed, we summarily affirm.

Three and two years on Count Two, to be served consecutively." *Id.* at 3.  The plea agreement stated that Mr. Robinson understood that this sentence recommendation would "likely result in an[ ] upward variance from his advisory sentencing guideline range." *Id.*

The plea agreement also contained an appeal waiver.  Pursuant to the appeal waiver provision, Mr. Robinson agreed to waive all his rights "to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the minimum permitted by statute." *Id.* at 4.

At the change of plea hearing, Mr. Robinson expressed concern about the jointly-recommended 13-year sentence, and his inability to appeal any sentence imposed.  The district court informed Mr. Robinson that he was not required to plead guilty, and that he could proceed to trial as scheduled if he so desired.  Mr. Robinson clarified that he did not wish to have a trial and that he indeed wanted to plead guilty.

The district court then reminded Mr. Robinson that he was under oath and went over the details of the plea agreement.  Of particular relevance here, the district court asked Mr. Robinson if he understood that his plea agreement included a provision that "waived [his] right to appeal any sentence" it imposed "other than a sentence that exceeds the maximum permitted by statute." D.E.110 at 17.  Mr. Robinson said that he understood. *Id.*  The district court asked again whether Mr. Robinson understood that "by entering into [the] plea agreement. . . [he was] waiv[ing] or

giv[ing] up [his] right to appeal or attack all or part of the sentence." *Id.* Mr. Robinson confirmed that he understood. *See id.*

Mr. Robinson then pled guilty. The court made a finding that he knowingly and voluntarily did so.

Mr. Robinson's advisory guideline range was 12-18 months as to Count Two and five years as to Count Three. The PSI noted that the parties' suggested 13-year sentence was "a significant upward variance to the advisory guideline range." PSI at 26, 29.

The government argued in its sentencing memorandum that an upward variance was warranted because it agreed to dismiss Count One, which would have resulted in a 20-year mandatory minimum sentence. *See* D.E. 85 at 7. The government pointed out that law enforcement seized several items of contraband, "including a loaded Smith & Wesson, .357 caliber revolver, 2.66 grams of crack cocaine, a detailed drug ledger, $10,900.00 in U.S. currency, and several documents bearing [Mr.] Robinson's name, including his birth certificate." *Id.* at 5. The government also asserted that Mr. Robinson's history justified the upward variance. *Id.* at 7–8. He had at least six felonies and was last released from state prison in 2019 after serving a 25 year sentence. *See id.* at 7.

Mr. Robinson responded with mitigating facts about his life. He asked the court to adopt the upward variance the parties recommended or go lower. *See* D.E. 90 at 2–4.

On June 29, 2023, a few months after the change of plea hearing, the district court held Mr. Robinson's sentencing hearing.

After a discussion of the applicable guidelines, the court asked Mr. Robinson if he wished to make a statement.

In response, Mr. Robinson told the court that he felt he had been misled and tricked into accepting the recommended sentence of 13 years' imprisonment, which he described as a "death sentence." Mr. Robinson then apologized and took full responsibility for his actions.

Mr. Robinson also expressed his dissatisfaction with his counsel's representation. His counsel then asked the district court to clear the courtroom and hold an *in camera* hearing so that Mr. Robinson could air his grievances. Over Mr. Robinson's objection, the district court obliged. At the *in camera* hearing, Mr. Robinson told the court that he did not fully comprehend his counsel's words, and that he felt "forced" to accept a term of 13 years' imprisonment. He also said that he felt trapped and lied to, and that his relationship with his counsel had been "rocky." Mr. Robinson's counsel told the court that she had repeatedly discussed the details of the case with her client, and that he was always aware of the reality of his case.

The district court responded that it believed that most of Mr. Robinson's grievances were issues best reserved for a post-conviction proceeding, and not his sentencing hearing. The district also noted that Mr. Robinson had accepted the terms of the plea agreement and signed the agreement, which included the recommendation of 13 years' imprisonment.

After the *in camera* hearing, the district court once again asked Mr. Robinson if he had anything else to say. Mr. Robinson did not provide any additional statements.

Counsel for Mr. Robinson subsequently asked the district court not to exceed the jointly-recommended 13 years' imprisonment. She explained that Mr. Robinson had lived a difficult life, and that any sentence beyond the recommended 13 years was unnecessary under the circumstances. In its statement to the district court, the government agreed that a term of 13 years' imprisonment was sufficient. The government then clarified that, although the sentencing memorandum requested two years for Count Two and 11 years for Count Three, it was now recommending eight years for Count Two and Five years for Count Three, totaling 13 years. Counsel for Mr. Robinson did not object.

The district court, upon consideration of the parties' statements, the PSI, the Section 18 U.S.C. § 3553(a) factors, and the upward variance agreed to by the parties, imposed a sentence of 13 years' imprisonment—96 months (eight years) as to Count Two, and 60 months (five years) as to Count Three. The court also imposed a three-year term of supervised release. Neither party objected to the sentence.

Mr. Robinson now appeals the sentence of 13-years' imprisonment, arguing that (i) the appeal waiver was not knowing and voluntary; (ii) the government breached the plea agreement; (iii) the sentence imposed was procedurally and substantively

unreasonable; and (iv) the district court failed to permit him to allocute at sentencing.

## II

"The voluntariness of a guilty plea is a question of law reviewed de novo." *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993). "Similarly, the determination of whether a defendant effectively—that is knowingly and voluntarily—waived his right to appeal his sentence is a question of law that this court reviews de novo." *Id.*

Although we ordinarily review the breach of a plea agreement de novo, our review is for plain error where, as here, the defendant did not raise the objection before the district court. *See United States v. Malone*, 51 F.4th 1311, 1319 (11th Cir. 2022).

## III

To establish that an appeal waiver was made knowingly and voluntarily, the government must show that the district court specifically questioned the defendant about the waiver during the plea colloquy, or that it is "manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Bushert*, 997 F.2d at 1351. Both requirements are met here.

The district court specifically questioned Mr. Robinson about the appeal waiver. The court asked Mr. Robinson if he understood that his plea agreement included a provision that "waived [his] right to appeal any sentence" imposed "other than a sentence that exceeds the maximum permitted by statute." D.E.110 at 17.

Mr. Robinson, under oath, said that he understood. *See id.* The court asked again whether Mr. Robinson understood that "by entering into [the] plea agreement. . . [he was] waiv[ing] or giv[ing] up [his] right to appeal or attack all or part of the sentence." *Id.* Mr. Robinson again confirmed that he understood. *See id.* Mr. Robinson also testified that he was not being coerced or persuaded into accepting the plea agreement. *See id.* at 13.

Apart from the district court's questions, the record also makes clear that Mr. Robinson understood the full significance of the appeal waiver. During his conversation with the court about his concern with the length of his possible sentence, Mr. Robinson said that he understood that signing the plea agreement meant that he could not appeal the possible sentence of 13 years' imprisonment. D.E.110 at 4 ("Your Honor, [counsel] was telling [me] about the 13 years. . .they want to have me sign an agreement, that I can't appeal that."). Even if, as Mr. Robinson argues, his statements at sentencing indicate any confusion, it was with respect to the length of the recommended sentence, not the appeal waiver.

Because the district court specifically questioned Mr. Robinson about the appeal waiver during the plea colloquy, and the record shows that he understood the consequences of the appeal waiver, we conclude that the waiver was knowing and voluntary. Consequently, we may review Mr. Robinson's challenges to his sentence only if they fall within the waiver's exceptions. But they do not. Mr. Robinson's sentence of 13 years' imprisonment did not

23-12324          Opinion of the Court          9

exceed the statutory maximum, and the government has not appealed.

It is true that the district court erroneously told Mr. Robinson at the conclusion of his sentencing hearing that he could appeal his sentence. This, however, does not overcome Mr. Robinson's statements under oath that he understood that he was waiving his right to appeal any sentence that did not exceed the maximum permitted by statute, and that he was doing so freely and voluntarily. *See United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006) ("[A]s long as an appeal waiver is voluntarily and knowingly entered into as part of a valid plea agreement, and that agreement is accepted by the court, the waiver is enforceable. It cannot be vitiated or altered by comments the court makes during sentencing.")

Finally, the circumstances here do not qualify as one of the "extreme circumstances" we have explained may survive an appeal waiver. *See United States v. Johnson*, 541 F.3d 1064, 1068 (11th Cir. 2008) (suggesting that a defendant may not waive his right to appellate review of a sentence imposed in "extreme circumstances," in excess of the statutory maximum, or based on an impermissible factor, such as race) (quotations omitted). Because we conclude that Mr. Robinson's waiver was knowing and voluntary, we need not address the challenges to his sentence—the substantive

reasonableness challenge and the claim that the district court did not permit Mr. Robinson to allocute.[1]

## IV

Mr. Robinson also argues that the appeal waiver is unenforceable because the government breached the plea agreement. Even though Mr. Robinson's appeal waiver was knowing and voluntary, it would be unenforceable if the government breached its obligations under the plea agreement. *See United States v. Puentes-Hurtado*, 794 F.3d 1278, 1284 (11th Cir. 2015) (appeal waivers do not apply to claims that the government breached a plea agreement). Because Mr. Robinson did not raise this issue below, however, we review for plain error. *See Malone*, 51 F.4th at 1318.

Plain error is established where (i) an error has occurred, (ii) the error is plain, and (iii) the error has affected the defendant's substantial rights. *See id.* at 1319. If all three conditions are met, we then have the discretion to correct the error if it "seriously affected the fairness of the judicial proceedings." *Id.* A defendant's substantial rights are affected if an error "affected the outcome of the district court proceedings." *Id.* (quotation marks omitted). This

---

[1] Although the appeal waiver bars consideration of Mr. Robinson's challenges to the sentence, we note that his challenges are without merit. First, Mr. Robinson invited any error as to the 13-year term of imprisonment by requesting that exact sentence. *See* D.E. 90. Second, Mr. Robinson was permitted to allocute at sentencing. The district court asked Mr. Robinson twice before it pronounced the sentence whether he wished to make a statement. *See* D.E. 109 at 3, 8.

generally requires a showing that there is a "reasonable probability" that the outcome would have been different but for the error. *See United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005).

Here, in exchange for Mr. Robinson's agreement to plead guilty, the parties agreed to "jointly recommend that the [c]ourt impose a total sentence of thirteen years' imprisonment, consisting of eleven years on Count Three and two years on Count Two, to be served consecutively." D.E. 77 at 3. At sentencing, the government told the district court that the sentencing memorandum and the plea agreement, which recommended two years for Count Two and 11 years for Count Three, were wrong, and that the government's recommendation was instead eight years for Count Two and five years for Count Three. There was no objection by Mr. Robinson.

We will assume that Mr. Robinson has met his burden as to the first two prongs of the plain error standard. At sentencing, the government's recommendations as to each individual count was different from what it had agreed to recommended in the plea agreement. Mr. Robinson, however, has not shown that this error affected his substantial rights. The total sentence the government recommended at sentencing was a term of 13 years' imprisonment, which is the same total sentence the parties agreed to recommend, the same total sentence in the government's memorandum, and the same total sentence he ultimately received. Mr. Robinson has thus failed to satisfy the third prong of the plain error standard. He has not shown that there is a "reasonable probability" that his

12                    Opinion of the Court                    23-12324

sentence would have been different if the government's sentencing recommendation as to each individual count was identical to the text of the plea agreement. *See Rodriguez*, 398 F.3d at 1299.[2]

## V

We affirm the district court's judgment.

**AFFIRMED.**

---

[2] We are also unpersuaded by Mr. Robinson's contention that the plea agreement is unenforceable because it contained an illusory promise. The plea agreement was supported by sufficient consideration, including the government's agreement to dismiss Count One—which carried a 20-year mandatory minimum sentence—and to recommend a sentence below the statutory maximum penalties.