[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11289

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LAVONTE CARDELL CONN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:23-cr-00099-MHT-CWB-1

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Lavonte Conn appeals his sentence for (1) possession with intent to distribute a controlled substance analogue; (2) possession of a firearm in furtherance of a drug-trafficking crime; and (3) possession of a firearm by a convicted felon. He argues that the district court miscalculated his guidelines range. The government moves to dismiss the appeal pursuant to the sentence-appeal waiver in Conn's plea agreement.

In response, Conn argues that his challenge to the calculation of his guidelines range is exempt from the terms of the sentence-appeal waiver because he preserved his right to move for a downward variance, which implicitly "reserved the right to appeal any error presented in the calculation of that downward variance." Notably, he cites no authority for this proposition.

After review, we conclude that the sentence-appeal waiver is valid and enforceable. Therefore, we grant the government's motion to dismiss.

"We review the validity of a sentence appeal waiver de novo." *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We enforce appeal waivers that are made knowingly and voluntarily. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir. 1993). To demonstrate that a waiver was made knowingly and voluntarily, the government must show that either (1) the district

court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

Conn's plea agreement provided that he "reserve[d] the right to request a downward variance, that is a sentence below the bottom, that is, the lowest number, of the advisory Guidelines range." The plea agreement also contained the following sentence-appeal waiver:

> Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction, sentence, or order of forfeiture. The defendant further expressly waives the right to attack the conviction or sentence in any post-conviction proceeding, including proceedings pursuant to 28 U.S.C. § 2255. Exempt from this waiver is the right to appeal or collaterally attack the conviction or sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct.

Conn initialed each page of the agreement and signed the plea agreement.

At the change-of-plea hearing, the magistrate judge confirmed that Conn signed and initialed the plea agreement, reviewed it with his attorney, understood it, and agreed to be

bound by it.[1]    The magistrate judge explained that the plea agreement contained an appeal waiver under which Conn "[gave] up [his] right to file an appeal if [he was] dissatisfied with the sentence and ultimate outcome of [the] case." Conn stated that he understood. The magistrate judge then reiterated the significance of the waiver, explaining that the waiver meant that Conn gave up "[his] right, in the event that [he was] unhappy with the sentence that's imposed in [the] case, to challenge that sentence either directly on appeal or in a separate proceeding," and the only exceptions to the waiver were for claims of ineffective assistance of counsel or prosecutorial misconduct. Conn stated that he understood and that he was willing to be bound by those provisions. After reviewing the charges against Conn, the elements of the offenses, the factual basis for the plea, and asking questions to confirm that Conn's plea was knowing and voluntary, the magistrate judge accepted his guilty plea.

At sentencing, Conn did not object to the calculation of his guidelines range[2] and moved for a downward variance. The district court granted his motion for a downward variance and imposed a total sentence of 206 months' imprisonment to be followed by three years of supervised release.

---

[1] Conn consented to the magistrate judge taking his plea.

[2] The district court determined that Conn's guidelines range was 262 to 327 months' imprisonment.

Conn's argument that his claim that his sentencing challenge is exempt from the terms of the sentence-appeal waiver is refuted by the record. The appeal waiver stated unequivocally that Conn waived his right to appeal his sentence on all but two grounds—ineffective assistance of counsel and prosecutorial misconduct. His claim that the district court miscalculated his guidelines range does not fall into either of those categories. While Conn preserved his right to move for a downward variance at sentencing, nothing in the plea agreement indicates that he preserved the right to appeal the guidelines calculation.

The record establishes that Conn's sentence-appeal waiver was knowingly and voluntarily made. *Bushert*, 997 F.2d at 1351. Conn initialed each page of the plea agreement, signed the agreement, and confirmed during the plea colloquy that he reviewed the agreement and that he understood it. The magistrate judge also orally reviewed the sentence-appeal waiver with Conn during the plea colloquy, and Conn stated that he understood. Thus, the appeal waiver is valid and enforceable and forecloses Conn's appeal. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) (enforcing an appeal waiver where "the waiver provision was referenced during [the defendant's] . . . plea colloquy and [the defendant] agreed that she understood the provision and that she entered into it freely and voluntarily"). Accordingly, we **GRANT** the government's motion to dismiss.

**APPEAL DISMISSED.**