[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12885

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHARLES GREEN HALL,
a.k.a. Sleep Dawg,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:24-cr-00041-ECM-KFP-1

_____

Before JORDAN, LUCK, and ABUDU, Circuit Judges.

PER CURIAM:

Charles Green Hall appeals his 360-month sentence, to be followed by five years of supervised release, imposed following his guilty plea conviction for conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, 21 U.S.C. §§ 841(b)(1)(A)(viii) & 846.  On appeal, Hall argues that the district court plainly erred by failing to grant him a two-point reduction for acceptance of responsibility under the Sentencing Guidelines, U.S.S.G. § 3E1.1(a).  The government, in turn, moves to dismiss Hall's appeal, arguing that he knowingly and voluntarily waived his right to appeal his sentence.

We review the validity and scope of an appeal waiver *de novo*.  *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022), *cert. denied*, 143 S. Ct. 1771 (2023).  Sentence appeal waivers are enforceable if they are made knowingly and voluntarily.  *Id.* at 1367.  To enforce a waiver, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver."  *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993); *see also United States v. Boyd*, 975 F.3d 1185, 1192 (11th Cir. 2020) (noting that the "touchstone for assessing" if a sentence appeal waiver was made knowingly and voluntarily "is whether 'it was clearly conveyed to the defendant that he was giving up his right to appeal under *most*

24-12885               Opinion of the Court                    3

circumstances'" (alterations adopted) (emphasis in original) (quoting *Bushert*, 997 F.2d at 1352-53)). "We have consistently enforced knowing and voluntary appeal waivers according to their terms." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006). "An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005).

Here, Hall agreed to plead guilty to one of the three charges for which he was indicted and entered into a written plea agreement with the government on that charge. The agreement contained, under a section titled "**The Defendant's Waiver of Appeal and Collateral Attack**," an appeal waiver stating:

> Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction, sentence, or order of forfeiture. The defendant further expressly waives the right to attack the conviction or sentence in any post-conviction proceeding, including proceedings pursuant to 28 U.S.C. § 2255. Exempt from this waiver is the right to appeal or collaterally attack the conviction or sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct.

> In return for the above waiver by the defendant, the government does not waive its right to appeal any matter related to this case, as set forth at 18 U.S.C. § 3742(b). However, if the government decides to

> exercise its right to appeal, the defendant is released
> from the appeal waiver and may pursue any appeal
> pursuant to 18 U.S.C. § 3742(a).

Hall signed the plea agreement and initialed each page.

At a change-of-plea hearing, Hall was placed under oath. The magistrate judge confirmed that Hall had read the plea agreement, understood it, and was not under the influence of drugs, alcohol, or medication that might impair his ability to understand it. Hall's counsel and the government each expressed that they had no concerns about Hall's competence to enter the plea. Hall also confirmed that he consented to having his plea taken by a magistrate judge, rather than by the district court judge. The magistrate judge then covered the rights that Hall was giving up by pleading guilty, and Hall explained that he understood these rights and had discussed them with his attorney.

Hall next confirmed that his initials were on the bottom of each page of the plea agreement, indicating that he had read and agreed to each page. The government then summarized the agreement, including the appeal waiver provision. As to the waiver provision, the government explained:

> There is a section titled "The Defendant's Waiver of
> Appeal and Collateral Attack." Within that section,
> the defendant understands that under 18 [U.S.C.
> §] 3742, a defendant may appeal a sentence under cer-
> tain circumstances; however, he expressly waives any
> and all rights conferred by 18 [U.S.C. § ] 3742 to ap-
> peal the conviction, sentence, or order of forfeiture.

He further expressly waives the right to attack the conviction or sentence in any post-conviction proceeding, including proceedings pursuant to 28 [U.S.C. §] 2255. Exempt from that waiver is the right to appeal or collaterally attack the conviction or sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct. In return for the defendant's waiver, the Government does not waive its right to appeal any matter related to this case set forth under 18 U.S.C. 3142(b). However, if the Government does decide to exercise its right to appeal, the defendant would be released from the appeal waiver and may pursue any appeal pursuant to 18 U.S.C. [§] 3742(a).

Hall and his counsel agreed that the government's summary of the agreement was accurate.

The magistrate judge then summarized relevant sections of the agreement, including the appeal waiver provision, and asked if Hall understood. Hall again agreed that he understood and had discussed the provision with his attorney. After discussing the factual basis for Hall's plea and ensuring that Hall was fully satisfied with his attorney, the magistrate judge found: that Hall understood the nature of the charges against him and the consequences of pleading guilty; that his plea was knowing and voluntary; and that his plea was supported by an independent basis of fact containing the essential elements of the charge. The magistrate judge prepared a report and recommendation (R&R) recommending that

the district court accept Hall's plea. Hall had no objection to the R&R, and the district court accepted the R&R and the guilty plea.

Given the circumstances we have described, we are satisfied that the magistrate judge "specifically questioned" Hall about "the sentence appeal waiver during [his] Rule 11 colloquy," *Bushert*, 997 F.2d at 1351, and "it was clearly conveyed to [Hall] that he was giving up his right to appeal under *most* circumstances," *Boyd*, 975 F.3d at 1192 (quoting *Bushert*, 997 F.2d at 1352-53). The sentence appeal waiver is, therefore, enforceable.

Hall's challenge on appeal falls within the scope of the waiver and does not fall into any of the exceptions. Specifically, Hall's argument that the district court erred in its application of the Sentencing Guidelines, is a challenge brought under "18 U.S.C. § 3742" that "appeal[s]" his "sentence" and is explicitly barred by the text of his waiver. In addition, Hall has not made any argument regarding ineffective assistance of counsel or prosecutorial misconduct, and the government has not appealed. Accordingly, Hall's appeal waiver bars his appeal.

In sum, we conclude that Hall knowingly and voluntarily waived his right to appeal his sentence and his challenges on appeal fall within the scope of that waiver. Accordingly, we **GRANT** the government's motion to dismiss. *See Bascomb*, 451 F.3d at 1294; *Bushert*, 997 F.2d at 1351.

**DISMISSED.**