[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11834

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

WILFREDO LUGO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00347-CEH-UAM-8

_____

Before ROSENBAUM, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Wilfredo Lugo appeals his 92-month prison sentence after pleading guilty to conspiracy to possess with intent to distribute, and distribution, of cocaine and fentanyl. He contends that the district court erred at sentencing by applying the career-offender enhancement under U.S.S.G. § 4B1.1, by failing to grant a reduction under U.S.S.G. § 3E1.1(b), and by failing to adequately consider and weigh the sentencing factors. The government moves to dismiss the appeal, arguing that Lugo knowingly and voluntarily waived these grounds for appeal in his plea agreement. After careful review, we grant the motion and dismiss the appeal.

We review de novo the validity and scope of an appeal-waiver provision. *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022). Sentence appeal waivers are enforceable if they are made knowingly and voluntarily. *Id.* at 1367. To enforce a waiver, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). "We have consistently enforced knowing and voluntary appeal waivers according to their terms." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006).

24-11834                 Opinion of the Court                 3

Here, the government has shown that the appeal waiver is enforceable. Among the promises exchanged in the plea agreement, in a provision titled and underlined, "Defendant's Waiver of Right to Appeal the Sentence," Lugo "expressly waive[d] the right to appeal [his] sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range," except the grounds that the sentence (a) exceeded the guideline range "as determined by the Court," (b) exceeded the statutory maximum, or (c) violated the Eighth Amendment. In addition, Lugo would be released from the waiver if the government appealed. Lugo initialed the bottom of each page of the plea agreement, and he and his attorney signed the final page under a certification stating that he fully understood the plea agreement's terms.

Then, during the plea colloquy, a magistrate judge questioned Lugo about the terms of the plea agreement, including the appeal waiver. The magistrate judge explained that Lugo was giving up his right to appeal his sentence "to a higher court on all grounds[,] including the ground that the Court made a mistake in determining your applicable guideline range," except on "four very limited grounds," which the judge accurately summarized. Lugo confirmed that he understood the appeal rights he was giving up, that he did not have any questions about the waiver, and that he made the waiver freely and voluntarily. The magistrate judge found that Lugo's guilty plea was knowing and voluntary, and the district court accepted the plea without objection.

Because Lugo was specifically questioned about the waiver, and it is otherwise clear from the record that he understood the waiver's full significance, we enforce the waiver according to its terms. *See Bascomb*, 451 F.3d at 1294; *Bushert*, 997 F.2d at 1351. And those terms plainly prohibit Lugo's challenge. Lugo expressly waived his right to appeal his sentence "on any ground," except for four narrow exceptions. But none of the exceptions apply here because the sentence did not exceed the statutory maximum or the guideline range as determined by the court, the government has not appealed, and no Eighth Amendment challenge is presented. Because Lugo's arguments do not fall within any exception to his appeal waiver, which he made knowingly and voluntarily, we grant the government's motion to dismiss.

**DISMISSED.**