[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12615

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JACKIE KAVASKIA MCMILLAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 5:20-cr-00007-LGW-BWC-1

_____

Before JORDAN, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Jackie McMillan pled guilty to possessing five grams or more of methamphetamine and marijuana with the intent to distribute. His advisory range under the Sentencing guidelines was 480 months' imprisonment, but the district court varied downward and imposed a sentence of 144 months to run consecutively to a state-court sentence.

On appeal, Mr. McMillan challenges two aspects of his sentence.  First, he assets that the district court did not orally pronounce two discretionary conditions of supervised release (1) obstruction or tampering with drug testing methods and (2) warning other occupants that his residence might be subject to searches – and erred by including them in the written judgment.  Second, he argues that the district court improperly delegated to the probation office the maximum number of drug tests he would be subject to.

Following review of the record and the parties' briefs, we dismiss the appeal.  As explained below, both of Mr. McMillan's sentencing challenges are barred by the appeal waiver in his plea agreement.

The appeal waiver provision stated that Mr. McMillan "waive[d] his right to a direct appeal of his conviction and sentence on any ground," except that he could appeal if (1) the district court imposed a sentence above the statutory maximum, (2) the court imposed a sentence above the applicable Sentencing Guidelines

range, or (3) the government appealed the sentence. *See* D.E. 1431 at ¶ 10.a. The district court advised Mr. McMillan about the appeal waiver at the change-of-plea hearing. He said he understood the waiver and its exceptions and had no questions. *See* D.E. 1670 at 16.

"Appeal waivers bar not only frivolous claims but also difficult and debatable legal issues. A defendant who waives his right to appeal gives up even the right to appeal blatant error[ ] because the waiver would be nearly meaningless if it included only those appeals that border on the frivolous." *United States v. Reed*, 118 F. 4th 1317, 1320 (11th Cir. 2024) (citation and internal quotation marks omitted).

Mr. McMillan's first challenge is barred by the appeal waiver. At the sentencing hearing, the district court stated that, as par of his supervised release, Mr. McMillan would be "subject to substance abuse testing," could not "tamper with the testing methods," and would be "subject to certain searches as directed by probation." D.E. 1669 at 40. The written judgment expanded on and added details to these conditions. It stated that Mr. McMillan "must submit to substance abuse testing: and "must not attempt to obstruct or tamper with the testing methods." D.E. 1587 at 5. It also stated that Mr. McMillan had to submit his person, property, house, residence, or office, etc. to searches conducted by probation and that he had to "warn any other occupants that the premises might be subject to searches[.]." *Id.*

Although Mr. McMillan suggests that he is simply trying to "seek[ ] correction of the written judgment" to conform to the oral sentence," he is really "challeng[ing] the way the district court imposed his sentence[;]" he "argues that the district court failed to describe each . . . condition that it imposed." *Reed*, 118 F. 4th at 1322. Because the "written judgment only adds details to the oral pronouncement," Mr. McMillan's first claim is barred by the appeal waiver. *See id.* at 1322-23 (holding that a similarly worded appeal waiver barred review of claim that the written judgment contains details about the conditions of supervised release that were not orally pronounced).

Mr. McMillan's second challenge is also barred by the appeal waiver. The argument that the district court improperly delegated to probation the maximum number of times he would be subject to drug testing. We have held that improper delegation claims come within the scope of an appeal waiver even though they are constitutionally-barred, and we see no reason why the improper delegation argument here should be treated any differently. *See United States v. Brown*, 415 F.3d 1257, 1272 (11th Cir. 2005) ("Because Brown's non-delegation argument [that 21 U.S.C. § 813 violated the non-delegation doctrine of Article I of the Constitution] as clearly outside the exceptions to the appeal waiver, he has waived his right to raise it."). *See also United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006) explaining that a defendant, through an appeal waiver, is "free to bargain away his right to raise constitutional issues as well as non-constitutional ones").

**APPEAL DISMISSED.**