**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10528
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

MONTREZ BALLARD,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:24-cr-00031-JPB-CCB-1

_____

Before JORDAN, ROSENBAUM, and KIDD, Circuit Judges.

PER CURIAM:

Montrez Ballard appeals his sentence of 120 months of imprisonment following his guilty plea to possession of a machine gun, in violation of 18 U.S.C. § 922(o). Ballard argues that the

district court erred in relying on a prior Georgia robbery offense to calculate his guideline range, and that the sentence is substantively unreasonable.  The government moves to dismiss Ballard's appeal based on the appeal waiver in his plea agreement.

We review de novo the validity and scope of an appeal-waiver provision. *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022).  Sentence appeal waivers are enforceable if they are made knowingly and voluntarily. *Id.* at 1367.  To enforce a waiver, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).  "We have consistently enforced knowing and voluntary appeal waivers according to their terms." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006).

Here, the government has shown that the appeal waiver is enforceable.  Ballard's plea agreement includes a provision titled, "Limited Waiver of Appeal."  In that provision, Ballard "voluntarily and expressly waive[d] the right to appeal his conviction and sentence" to the "maximum extent permitted by federal law."  The waiver does not apply to claims of ineffective assistance of counsel, or to cross-appeals where the government initiated a direct appeal of the sentence.  At the end of the agreement, Ballard signed a certification stating that he had discussed his appeal rights with his attorney and that he understood that the appeal waiver "will prevent

me, with the narrow exceptions stated, from appealing my conviction and sentence." Counsel signed a certification stating that he had fully reviewed the plea agreement with Ballard.

Then, during the plea colloquy, the district court questioned Ballard about the terms of the plea agreement, including the appeal waiver. The court explained that Ballard had "given up" his ordinary appeal rights except in "narrow circumstances," which included claims of ineffective assistance and an appeal by the government. While the court mistakenly said there was an exception for sentences that exceed the guideline range, Ballard's counsel quickly corrected the court that such an exception was not included in the waiver. Ballard confirmed that he understood the waiver and its exceptions and that he would not have a right to appeal even if the sentence exceeded the guideline range. Ballard also advised that he had discussed the case with his attorney and did not have any questions. The district court found that the plea was freely and voluntarily made and adjudicated Ballard guilty.

Because the district court specifically questioned Ballard about the waiver, and it is otherwise clear from the record that he understood the waiver's full significance, we will enforce the waiver according to its terms. *See Bascomb*, 451 F.3d at 1294; *Bushert*, 997 F.2d at 1351. And the terms of the waiver do not contain any exception that would permit Ballard to challenge the calculation of his guideline range or the reasonableness of his sentence. Accordingly, we must enforce the terms of the appeal waiver and grant the government's motion to dismiss.

4                           Opinion of the Court                    25-10528

**DISMISSED.**