**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 24-13178

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

MITCHELL WILSON,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cr-00390-TPB-NHA-1

————————————

Before ROSENBAUM, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Mitchell Wilson appeals his total sentence of 248 months of imprisonment after pleading guilty to possession with intent to distribute methamphetamine, cocaine, and fentanyl; possession of a

firearm in furtherance of that drug-trafficking crime; and possession of a firearm as a convicted felon.  On appeal, Wilson argues that the district court abused its discretion by imposing an unreasonable sentence that fails to account for his mental-health issues.  The government moves to dismiss Wilson's appeal based on the appeal waiver in his plea agreement.

We review de novo the validity and scope of an appeal-waiver provision in a plea agreement.  *King v. United States*, 41 F.4th 1363, 1366 (11th Cir. 2022).  Sentence appeal waivers are enforceable if they are made knowingly and voluntarily.  *Id.* at 1367.  "The government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver."  *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993).  "We have consistently enforced knowing and voluntary appeal waivers according to their terms."  *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006).

Here, the government has shown that the appeal waiver is enforceable and bars this appeal.  Wilson's plea agreement included a provision titled and underlined, "Defendant's Waiver of Right to Appeal the Sentence."  Wilson "expressly waive[d] the right to appeal [his] sentence on any ground, including the ground that the Court erred in determining the applicable guideline range," except in limited circumstances.  In particular, Wilson retained the right to appeal on the grounds that the sentence exceeded either the

court's guideline range or the statutory maximum or violated the Eighth Amendment, or if the government initiated a direct appeal. Wilson initialed the bottom of each page, and he and his attorney signed a certification stating that Wilson fully understood the plea agreement's terms.

Then, during the plea colloquy, a magistrate judge questioned Wilson about the terms of the plea agreement and the rights he was waiving by pleading guilty. The magistrate judge specifically questioned Wilson about the appeal waiver, informing him that his plea agreement limited his ordinary right to appeal, and that there were "only three things about your sentence that you can appeal," which the judge accurately summarized. Wilson confirmed that he understood, did not have any questions, and was voluntarily agreeing to the waiver. Based on the magistrate judge's recommendation, to which Wilson filed no objections, the district court accepted the guilty plea as knowing and voluntary and adjudicated Wilson guilty.

Because Wilson was specifically questioned about the waiver during the plea colloquy, and it's otherwise clear from the record that he understood the waiver's full significance, we will enforce the waiver according to its terms. *See Bascomb*, 451 F.3d at 1294; *Bushert*, 997 F.2d at 1351. And nothing in the waiver permits an appeal of the reasonableness of a sentence that was imposed within the calculated guideline range and the statutory maximum. Accordingly, we grant the government's motion to dismiss.

**DISMISSED.**