**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11173

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JUAN SEBASTIAN PEREZ,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:24-cr-00087-TPB-NPM-1

_____

Before ROSENBAUM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Juan Perez appeals his total sentence of 360 months of imprisonment after pleading guilty to child enticement, distribution of child pornography, and possession of child pornography. On

appeal, Perez argues that the district court abused its discretion by imposing an unreasonable sentence that placed undue weight on a single 18 U.S.C. § 3553(a) factor—the nature and circumstances of his offense—and by failing to consider mitigating factors in Perez's case.  The government moves to dismiss Perez's appeal based on the appeal waiver in his plea agreement.

After careful review, we conclude that Perez's sentence appeal waiver was knowing and voluntary.  So we grant the government's motion to dismiss the appeal.

We review de novo the validity and scope of an appeal-waiver provision in a plea agreement.  *See King v. United States*, 41. F.4th 1363, 1366 (11th Cir. 2022).  A defendant may waive his right of appeal if the waiver is knowing and voluntary.  *See United States v. Boyd*, 975 F.3d 1185, 1190 (11th Cir. 2020).

When a defendant has agreed to an appeal waiver but seeks to appeal matters within that waiver, the government may move to dismiss the appeal based upon the waiver.  *Id.* (citation omitted). To enforce the appeal waiver, the government "must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver."  *See id.* (citing *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993)). "We have consistently enforced knowing and voluntary appeal waivers according to their terms."  *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (cleaned up).  In reviewing plea

agreements, we give the terms of the agreement their plain and ordinary meaning. *Boyd*, 975 F.3d at 1190.

Here, the government has shown that the appeal waiver is enforceable and bars this appeal. The written plea agreement contains a section clearly titled and underlined, "**Defendant's Waiver of Right to Appeal the Sentence**." In that provision, Perez expressly "waiv[ed] [his] right to appeal [his] sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines," except for some limited circumstances, which don't apply here.

Perez otherwise confirmed in the plea agreement that he was "pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant." Perez initialed each page of the plea agreement on the bottom of every page. And Perez, along with his counsel, certified that the plea agreement "has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms."

Besides his written representations, during the plea colloquy, Perez affirmed that he had initialed and signed the plea agreement and had read the entire plea agreement and discussed it with his counsel. Then, the magistrate judge reviewed with Perez the elements of the offenses, the applicable penalties, and the use of the guideline range at sentencing. The magistrate judge specifically

questioned Perez, who had a copy of the plea agreement in front of him, about his understanding of the terms of the appeal waiver.

The magistrate judge explained, "Now on page 22 you're also giving up significant appellate rights in this plea agreement. Normally, you would have a right to a higher court to appeal … [b]ut under this plea agreement, you're giving up almost all of your appeal rights.  Do you understand?"  Perez confirmed he did.  The magistrate judge advised Perez that he could appeal only if (1) the sentence exceeded the applicable guideline range, (2) the sentence exceeded the statutory maximum, (3) the sentence violated the Eighth Amendment, or (4) the government appealed.  Indeed, the magistrate judge said, "So other than those limited exceptions, you're basically agreeing [to] not [] appeal this case."  Perez confirmed he understood, did not have any questions, and wanted to move forward.  "There is a strong presumption that the statements made during the plea colloquy are true."  *Riolo v. United States*, 38 F.4th 956, 968 (11th Cir. 2022) (cleaned up).

After the plea-colloquy hearing, the magistrate judge entered a Report and Recommendation ("R&R") determining that the guilty plea was knowing and voluntary and supported by a factual basis.  The district court accepted the plea and adjudicated Perez guilty.

This record reflects that Perez knowingly and voluntarily entered the plea agreement's appeal waiver.  *Boyd*, 975 F.3d at 1191.  The record also shows that Perez understood the full significance

of the appeal waiver. As a result, we will enforce the waiver according to its plain terms. *See Boyd*, 975 F.3d at 1190. Those terms bar Perez's appeal.

Perez argues that the district court placed undue weight on a single 18 U.S.C. § 3553(a) factor in determining the sentence, and that the 30-year sentence is unreasonable. But this argument falls outside any of the limited exceptions of Perez's appeal waiver in his plea agreement. *See Boyd*, 975 F.3d at 1191. Nothing in the waiver permits an appeal where, as here, the sentence was imposed within the applicable guideline range and does not exceed the statutory maximum, and Perez has made no Eighth Amendment argument.

Because Perez does not present an argument within the appeal waiver's exceptions and the waiver is enforceable, we grant the government's motion to dismiss.

**DISMISSED.**